1  **SPINELLI, DONALD & NOTT**
   A Professional Corporation
2  ROSS R. NOTT (State Bar No. 172235)
   601 University Avenue, Suite 225
3  Sacramento, CA 95825
   Telephone:  (916) 448-7888
4  Facsimile:  (916) 448-6888

5  Attorneys for Defendants
   BERKELEY UNIFIED SCHOOL DISTRICT,
6  TONIA COLEMAN, JASDEEP MALHI, DR. BRENT STEPHENS

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JANE DOE,                              Case No.

12            Plaintiffs,                  DEFENDANTS' NOTICE OF REMOVAL
       vs.                                 OF ACTION UNDER 28 U.S.C. § 1441(a)
13  BERKELEY UNIFIED SCHOOL                (FEDERAL QUESTION)
    DISTRICT, TONIA COLEMAN, JASDEEP
14  MALHI, BRENT STEPHENS, and DOES 1-
    50,
15
              Defendants.
16

17

18    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19    **PLEASE TAKE NOTICE** that Defendants Berkeley Unified School District, Tonia

20  Coleman, Jasdeep Malhi and Dr. Brent Stephens hereby remove to this Court the state court action

21  described below.

22        1.      On January 31, 2020, an action was commenced in the Superior Court of the State of

23  California in and for the County of Alameda , entitled  *Jane Doe, Plaintiff vs.  Berkeley Unified*

24  *School District, Tonia Coleman and Jasdeep Malhi, and DOES 1-50, Defendants* as case number

25  RG20052743, a true and correct copy of which is attached hereto as Exhibit "A".

26        2.      On March 3, 2020, Defendants Berkeley Unified School District, Tonia Coleman

27  and Jasdeep Malhi filed their Answer in the state court action, a true and correct copy of which is

28  attached hereto as Exhibit "B".  By way of that Answer, Defendants demanded a jury trial.

3.      On November 12, 2020, pursuant to noticed motion, the state court issued an order allowing Plaintiff to file a First Amended Complaint in the state court action.  The motion was supported or opposed by the following filings with the state court, true and correct copies are attached here as indicated:

Exhibit "C" Plaintiff Jane Doe's Notice of Motion and Motion for Leave to File Amended Complaint;

Exhibit "D" Defendants' Opposition to Motion for Leave to File First Amended Complaint;

Exhibit "E" Plaintiff Jane Doe's Reply to Defendants' Opposition to Motion for Leave to File First Amended Complaint; and,

Exhibit "F" Order – Motion to Amend Complaint Granted dated November 12, 2020, which was served by mail on November 13, 2020.

4.      On November 17, 2020, Plaintiff filed and served her First Amended Complaint in the state court, a true and correct copy of which is attached hereto as Exhibit "G". The first date upon which Defendants received a copy of the said First Amended Complaint was November 17, 2020, when defense counsel was emailed a copy of the pleading with an indication from Plaintiff's counsel's office that it was being filed that same day.

5.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant(s) pursuant to the provisions of 28 U.S.C. §1441(a) in that it arises under statute, constitutional provision, or other basis of federal question jurisdiction as the pleading asserts a right of recovery under federal statute to wit Title IX/20 U.S.C.A. §1681 as alleged in ¶¶24-25, 41, 49 and 67 of the First Amended Complaint.  Venue is proper in this court as the occurrences complained of occurred in Berkeley, California.

/ / /

/ / /

/ / /

/ / /

/ / /

1    6.    All other defendants who have been served with Summons and complaint have

2    joined in this Notice of Removal.

3    DATED: December 14, 2020                    SPINELLI, DONALD & NOTT

4                                               By: ____/s/*ROSS R. NOTT*_____
5                                                        ROSS R. NOTT
                                                         Attorneys for Defendants
6                                                        BERKELEY UNIFIED SCHOOL
                                                         DISTRICT, TONIA COLEMAN.
7                                                        JASDEEP MALHI and DR. BRENT
                                                         STEPHENS
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPINELLI, DONALD &
NOTT

# EXHIBIT A

1  Jayme L. Walker, Esq. (SBN. 273159)
2  GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
   1999 Harrison Street, Suite 1600
3  Oakland, CA 94612
   Phone: (510) 832-5411
4  Fax:    (510) 832-1918
   Email: jwalker@giccb.com
5

ENDORSED
FILED
ALAMEDA COUNTY

JAN 21 2020

CLERK OF THE SUPERIOR COURT
By                        
                    Deputy

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                              COUNTY OF ALAMEDA

9

10  JANE DOE,                              Case No.   RG20052743

11              Plaintiff,                 COMPLAINT FOR DAMAGES

12  vs.                                    JURY TRIAL DEMANDED

13  BERKELEY UNIFIED SCHOOL DISTRICT;
    TONIA COLEMAN; JASDEEP MALHI; and
14  Does 1-50,

15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                  1                        CASE NO.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1    Jane Doe complains and alleges as follows:

2    **I.    JURISDICTION AND VENUE**

3         1.    The Court has personal jurisdiction over the defendants because they are

4    residents of and/or public entities in the State of California.

5         2.    Pursuant to Code of Civil Procedure section 395(a), venue in the County

6    of Alameda is proper because that is the "county where the defendants or some of them

7    reside at the commencement of the action."

8         3.    Pursuant to California Government Code section 905(m), Plaintiff Jane Doe

9    was not required to exhaust administrative remedies because her claims are brought under

10   California Code of Civil Procedure section 340.1 for the recovery of damages suffered as a

11   result of childhood sexual abuse.

12   **II.   PARTIES**

13        4.    Plaintiff Jane Doe ("Plaintiff") was a student at Berkeley High School in

14   the Berkeley Unified School District in Berkeley, California.  Defendants, and each of

15   them, are aware of the true first name and last name of Plaintiff.

16        5.    Defendant Berkeley Unified School District (hereinafter "BUSD") was a

17   public entity duly organized and existing under and by virtue of the laws of the State of

18   California at all times material to this complaint.  Defendant BUSD administers and

19   operates Berkeley High School in the County of Alameda, State of California.

20        6.    Defendant Tonia Coleman was an employee of Defendant BUSD and

21   assistant principal of Berkeley High School in the County of Alameda, State of

22   California and was acting in the course and scope of her employment at all times

23   material to this complaint.

24        7.    Defendant Jasdeep Malhi was an employee of Defendant BUSD and a

25   counselor at Berkeley High School in the County of Alameda, State of California and

26   was acting in the course and scope of her employment at all times material to this

27   complaint.

28        8.    Plaintiff is ignorant of the true names and capacities of the defendants

1  sued herein as Does 1-50, inclusive, and therefore sues these defendants by such

2  fictitious names and capacities.  Plaintiff is informed and believes, and on that basis

3  alleges, that each defendant sued under such fictitious names is in some manner

4  responsible for the occurrences herein alleged, and that Plaintiff's injuries as herein

5  alleged were proximately caused by the conduct of such defendants.

6  **III.  FACTUAL SUMMARY**

7      9.      Jane Doe was a student at Berkeley High School when she was sexually

8  assaulted by another student during school hours in an unlocked classroom.

9      10.      On May 3, 2019, a male student pulled Jane Doe into a classroom that is

10  normally locked.  The male student forced his hands up Jane's Doe's dress and groped

11  her buttocks and vagina.  Jane Doe tried to push him away, but he was too strong.  He

12  then picked her up, threw her onto a desk, spread her legs and forced himself on her,

13  while groping her breasts, buttocks and vagina.   Jane Doe repeatedly said no and asked

14  him to stop, until she was able to push him away and flee the classroom.

15      11.      On or around May 8, 2019, Jane Doe reported the assault to Defendant

16  Jasdeep Malhi, a counselor at Berkeley High School.  Defendant Malhi told Jane Doe

17  that her assailant had assaulted 6-10 other girls at Berkeley High School.  Defendant

18  Malhi was a mandatory reporter, yet she did not report the assault to Child Protective

19  Services (CPS) or the police.

20      12.      The following day, Defendant Malhi informed Defendant Tonia Coleman,

21  assistant principal, of the sexual assault on Jane Doe.  Ms. Coleman failed to promptly

22  notify Jane Doe's parents that she was a victim of assault and failed to implement any

23  kind of safety plan to ensure that Jane Doe felt safe at school and was able to learn in an

24  environment free of sexual harassment.

25      13.      Defendant Malhi and Defendant Coleman were aware that the male

26  student that assaulted Jane Doe had assaulted numerous other students at the school, yet

27  nothing was done to adequately supervise this student and ensure that he was not a

28  danger to Jane Doe and others.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

14.     Defendants were also aware that the classroom in which Plaintiff was assaulted was unsupervised, secluded and was used by students to engage in illicit activities, including sexual behavior, yet Defendants failed to take steps to secure the classroom or adequately supervise students in the vicinity of the classroom.

15.     Defendants failed to take steps to adequately ensure the safety of Jane Doe following the sexual assault, and the student that assaulted her was allowed to further victimize and sexually harass her at school.

16.     Jane Doe does not feel safe at school and her access to a public education free from sexual harassment has been, and continues to be, denied. She has suffered, and continues to suffer, from severe emotional distress as a result of the sexual assault. She has crying spells, episodes of depression and anger, anxiety about attending school and seeing her assailant, and trouble focusing in class.

### FIRST CAUSE OF ACTION
#### Negligence
#### (Plaintiff against all Defendants)

17.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

18.     At all times mentioned herein, Defendant BUSD operated, managed, supervised, oversaw, and/or otherwise controlled Berkeley High School including the hiring, training supervision, and retention of employees who were responsible for the supervision and safety of students in their custody.

19.     Pursuant to California Government Code section 815.2, Defendant BUSD is liable for injuries proximately caused by the acts and omissions of its employees, including, but not limited to, Defendant Malhi and Defendant Coleman, where the acts or omissions are within the scope of employment and give rise to a cause of action against the employees.

20.     At all times mentioned herein, Defendants Malhi and Coleman acted within the course and scope of their employment with Defendant BUSD.

21.     Defendants Malhi and Coleman had a duty to provide for the safety and

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1  supervision of students, including Jane Doe, while in their custody.

2       22.     Defendants Malhi and Coleman failed to exercise reasonable diligence to

3  provide for the safety of Plaintiff while she was in their custody.

4       23.     Defendant Malhi and Coleman knew or should have known that the student

5  that assaulted Plaintiff had sexually assaulted numerous other girls, yet they failed to take

6  steps to ensure the safety of female students, including Jane Doe.

7       24.     Defendants negligently failed to guard, maintain, inspect and supervise and

8  manage the school premises by failing to supervise the building where Plaintiff was

9  sexually assaulted and failing to lock the classroom they knew or should have known was

10  used by students to engage in dangerous activities.

11       25.     The negligence of Defendants Malhi and Coleman was a direct and

12  proximate cause of the damages suffered by Plaintiff due to being sexually assaulted and

13  harassed by another student.  As a direct and proximate result of the negligence of

14  Defendants, Plaintiff has sustained and continues to sustain physical injuries, pain and

15  suffering, extreme and severe mental anguish, and emotional distress.  Plaintiff has also

16  incurred and will continue to incur medical expenses for treatment and for incidental

17  medical expenses.  Plaintiff is thereby entitled to general and compensatory damages in

18  amounts to be proven at trial.

19       26.     The acts, omissions, and negligence of Defendants Malhi and Coleman

20  were substantial factors in causing Plaintiff's injuries and the resulting harm to Plaintiff,

21  and the direct and proximate cause of the injuries and damages sustained by Plaintiff.

22       27.     At all times relevant hereto, defendants Does 1 through 50, inclusive, and

23  each of them, were somehow responsible for the injuries and damages sustained by

24  Plaintiff, as alleged herein.  Plaintiff is informed and believes, and thereon alleges that each

25  of said defendants, is negligently or otherwise responsible in some manner for the events

26  and happenings herein referred to and those defendants negligently acted or failed to act.

27  Their negligence and/or failure to act legally caused the injuries and damages hereinafter set

28  forth.

GWILLIAM  IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

GWILLIAM  IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

A.      For injunctive relief and all orders necessary to ensure that the defendants establish and enforce policies and procedures protecting their students from sexual harassment and abuse;

B.      For compensatory damages, including medical bills, and other special and general damages according to proof but in excess of the jurisdictional threshold of this court;

C.      For mental and emotional distress damages;

D.      For an award of interest, including prejudgment interest, at the legal rate;

E.      For reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and all other applicable statutes;

G.      For costs of suit incurred herein; and,

H.      For such other and further relief as the court deems just and proper.

DATE:  January 31, 2020                    GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

Jayme L. Walker
Attorney for Plaintiff
JANE DOE

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

DATE:  January 31, 2020

GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

Jayme L. Walker
Attorney for Plaintiff
JANE DOE

GWILLIAM  IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPINELLI, DONALD &
NOTT

# EXHIBIT B

1  **SPINELLI, DONALD & NOTT**
   A Professional Corporation
2  ROSS R. NOTT, SBN: 172235
   601 University Avenue, Suite 225
3  Sacramento, CA 95825
   Telephone: (916) 448-7888
4  Facsimile: (916) 448-6888

5  Attorneys for Defendants
   BERKELEY UNIFIED SCHOOL DISTRICT,
6  TONIA COLEMAN and JASDEEP MALHI

ENDORSED
FILED
ALAMEDA COUNTY

MAR 3 ~ 2020

CLERK OF THE SUPERIOR COURT
By ANSIT KHAN            Deputy

7

8               IN THE SUPERIOR COURT OF CALIFORNIA

9               IN AND FOR THE COUNTY OF ALAMEDA

10

11  JANE DOE,                          | Case No.: RG20052743

              Plaintiffs,             | **DEFENDANTS' ANSWER TO**
12                                     | **COMPLAINT; JURY TRIAL DEMAND**
        vs.
13                                     |
    BERKELEY UNIFIED SCHOOL            | **[FEES EXEMPT PURSUANT TO**
    DISTRICT, TONIA COLEMAN, JASDEEP   | **GOVERNMENT CODE §6103]**
14  MALHI, and DOES 1-50,              |
                                       | Complaint Filed: January 31, 2020
15            Defendant.               |

16

17       COMES NOW, defendants, BERKELEY UNIFIED SCHOOL DISTRICT, TONIA

18  COLEMAN and JASDEEP MALHI, and answering the Complaint of Plaintiff on file herein, admit,

19  deny, and allege as follows:

20                                   I.

21                            **GENERAL DENIAL**

22       Under the provisions of section 431.30 of the California Code of Civil Procedure,

23  Defendants deny generally and specifically, each and all and every, allegation contained in

24  Plaintiff's Complaint on file herein, and in each and every cause of action therein contained, and

25  further denies that Plaintiff was damaged in any sum or sums at all, as alleged in said Complaint or

26  otherwise.

27

28

## II.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State Cause of Action

That said Complaint does not state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### No Liability for Acts of Others

That these answering Defendants allege that, without admitting any allegation of the Complaint, some of the acts, actions and activities, as alleged, were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of any relationship with these answering Defendants during the time referred to in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

#### Contributory Fault of Third Parties

That these answering Defendants allege that the damages alleged in the Complaint were directly and legally caused by the fault of others. Therefore, damages, purportedly sustained by the plaintiffs or awarded to the plaintiffs, if any, should be apportioned and reduced, in whole or in part, according to the respective and comparative fault of all parties, persons and entities, or their agents, servants, employees and representatives who contributed to or caused the incident alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### Third-Party Conduct Superseding Cause

These answering Defendants allege that they are not responsible for plaintiffs' harm because of the superseding misconduct of one or more of the other defendants, as well as unnamed third-party actors.

1
2

### FIFTH AFFIRMATIVE DEFENSE

### Intentional Tort/Criminal Act as Superseding Cause

3    These answering Defendants assert that they are not responsible for plaintiffs' harm, if any,
4 because of the superseding criminal/intentional conduct of other named defendants or unnamed
5 actors.

6

### SIXTH AFFIRMATIVE DEFENSE

7

### Primary/Secondary Conduct

8    These answering Defendants allege that the conduct of other parties, persons and entities
9 would be primary, direct and active, while these answering Defendants would be secondary,
10 indirect and passive.

11

### SEVENTH AFFIRMATIVE DEFENSE

12

### Government Code Bars Plaintiffs' Cause of Action

13    These answering Defendants allege that plaintiffs' Complaint, and each purported cause of
14 action therein, is barred by the provisions of California Government Code, to include, but not
15 limited to, Sections 815, 815.2, 815.6, 820.2, and 820.8

16

### EIGHTH AFFIRMATIVE DEFENSE

17

### Government Code Immunity

18    These answering Defendants allege the immunities and defenses available as provided by
19 the Government Code.

20

### NINTH AFFIRMATIVE DEFENSE

21

### Allegations Outside of Government Claim

22    These answering Defendants allege that plaintiffs' Complaint is fatally defective to the
23 extent that it attempts to state claims and/or facts not fairly reflected in a timely-filed Government
24 Claim.

25

### TENTH AFFIRMATIVE DEFENSE

26

### Non-compliance with Government Claims Act

27    These answering Defendants allege plaintiffs' Complaint is barred to the extent that it is
28 not substantially identical with the scope of claims presented to the District pursuant to the

SPINELLI, DONALD &
NOTT

1   California Tort Claims Act.

2   ## ELEVENTH AFFIRMATIVE DEFENSE

3   ### Failure to Exhaust Administrative Remedies

4   These answering Defendants allege the plaintiffs have failed to exhaust all appropriate
5   administrative remedies.

6   ## TWELFTH AFFIRMATIVE DEFENSE

7   ### Failure to File Government Claim

8   These answering Defendants allege that to the extent that plaintiff makes allegations or
9   claims which are not the subject of a timely-filed Governmental Tort Claim, the Court lacks
10   jurisdiction with respect to any such allegations or claims.

11   ## THIRTEENTH AFFIRMATIVE DEFENSE

12   ### No Liability for Common Law Claims

13   These answering Defendants allege that, to the extent the Complaint alleges that this
14   answering defendant is liable to plaintiffs based upon a theory of common law, these answering
15   Defendant are immune from that claim pursuant to Government Code Section 815.

16   ## FOURTEENTH AFFIRMATIVE DEFENSE

17   ### California Education Code

18   These answering Defendants allege those immunities and/or defenses available to them
19   pursuant to the provisions of the California Education Code including, but not limited to sections
20   48911, 48912-48918, all of which are applicable to Defendants through Government Code §820.2.

21   ## FIFTEENTH AFFIRMATIVE DEFENSE

22   ### Medical Expenses Reduction -- Government Code §985

23   These answering Defendants allege a right to a reduction in any judgment for medical
24   expenses pursuant to Government Code § 985.

25   ## SIXTEENTH AFFIRMATIVE DEFENSE

26   ### Fails to State a Cause of Action -- Government Code §911.2

27   These answering Defendants allege that if, and to the extent that, the allegations of the
28   Complaint attempt to enlarge upon the facts and contentions set forth in the claim, if any there were,

SPINELLI, DONALD &
NOTT

1   filed by the plaintiffs, said Complaint fails to state a cause of action and violates Government Code

2   section 911.2.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### California Government Code §820.6

These answering Defendants allege that they are immune from liability pursuant to the provisions of California Government Code Section §820.6.

### EIGTEENTH AFFIRMATIVE DEFENSE

#### Immunity

These answering Defendants allege that, without admitting any allegation of the Complaint, these answering Defendants are immune from liability for the conduct alleged in plaintiffs' Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

#### No Vicarious Liability

These answering Defendants allege that they are not vicariously liable as a matter of law for the actions of co-defendants not employed by them.

### TWENTIETH AFFIRMATIVE DEFENSE

#### California Government Code §845

These answering Defendants allege that they are immune from liability pursuant to the provisions of California Government Code Section §845.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### Catch-All

These answering Defendants allege, upon information and belief, that they cannot fully anticipate all affirmative defenses which may be applicable to this action based on the allegations used in the Complaint. Accordingly, this answering defendant expressly reserves the right to assert such additional defenses to the extent that such defenses may become applicable.

///

///

///

1    **WHEREFORE,** Defendants pray that Plaintiffs take nothing by reason of the Complaint on

2    file herein; for costs of suit incurred herein, and for such other and further relief as the court deems

3    just and proper.

4    Dated:  March 3, 2020                                  SPINELLI DONALD & NOTT

5

6                                                           By: _____

7                                                                ROSS R. NOTT
                                                                 Attorneys for DEFENDANTS
8                                                                BERKLEY UNIFIED SCHOOL
                                                                 DISTRICT, TONIA COLEMAN and
9                                                                JASDEEP MALHI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD &
NOTT

1

2

### DEMAND FOR JURY TRIAL

3   Defendants hereby demand and preserve their right to a jury trial.

4

5   Dated:  March 3, 2020

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD & NOTT

SPINELLI, DONALD & NOTT

By: _____

ROSS R. NOTT
Attorneys for DEFENDANTS
BERKLEY UNIFIED SCHOOL
DISTRICT, TONIA COLEMAN and
JASDEEP MALHI

1                            **PROOF OF SERVICE**

2   COURT:              Superior Court of California, County of Alameda
    CASE NO.:           RG20052743
3   CASE NAME:          *Jane Doe v. Berkeley Unified School District, et al.*

4        I am a citizen of the United States, employed in the County of Sacramento, State of
    California. My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825. I
5   am over the age of 18 and not a party to the above-entitled action.

6        I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing
    of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each
7   document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon
    and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and
8   deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc., §
    1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)
9        On March 3, 2020, I caused the within:    **Defendants' Answer to Complaint; Demand for
    Jury Trial** to be served via
10  ☒   MAIL--
        Placed in the United States Mail at Sacramento, California in an envelope with postage
11      thereon fully prepaid addressed as follows:

12  | Jayme L. Walker, Esq.                         |                             |
    | Gwilliam, Ivary, Chiosso, Cavalli & Brewer   |                             |
13  | 1999 Harrison Street, Suite 1600             | *Attorneys for Plaintiff*   |
    | Oakland, CA  94612                            |                             |
14  | Telephone: (510) 832-5411                     |                             |
    | Facsimile: (510) 832-1918                     |                             |
15  | jwalker@giccb.com                             |                             |

16  ☐   BY ELECTRONIC SERVICE--
        I caused such document to be electronically served by filing said document electronically in
17      accordance with rules of electronically filing documents. See Local Rule 5-135(a); Fed. R.
        Civ. P. 5(b)(2)(D).
18
    ☐   FAX AND MAIL—
19      I personally sent to the addressee's telecopier number indicated below a true copy of the
        above-described document(s) before 5:00 p.m. I verified transmission without error by a
20      transmission report issued by the facsimile machine upon which said transmission was made
        immediately following the transmission.   Thereafter, I placed a true copy in a sealed
21      envelope with the first class postage affixed and mailed as follows:

22  ☐   PERSONAL SERVICE--
        By causing delivery by hand to the addressee addressed as follows:
23

24  ☐   FEDERAL EXPRESS--
        By causing delivery by Federal Express of the document(s) listed above to the person(s) at
25      the address(es) set forth below:

26       I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct. Executed on March 3, 2020, at Sacramento, California.
27                                                  _____
28                                                        Shelley L. Grajeda

SPINELLI, DONALD &
NOTT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPINELLI, DONALD &
NOTT

# EXHIBIT C

1   JAYME L. WALKER, ESQ. (SBN. 273159)
    GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
2   1999 Harrison St., Suite 1600,
    Oakland, CA 94612
3   Phone: (510) 832-5411
    Fax: (510) 832-1918
4   Email: jwalker@giccb.com

5   Attorney for Plaintiff
6   JANE DOE

7

8                           SUPERIOR COURT OF CALIFORNIA

9                               COUNTY OF ALAMEDA

10

11

12   JANE DOE,                              Case No.: RG20052743

13              Plaintiff,
                                            [ASSIGNED FOR ALL PURPOSES TO
14   vs.                                    JUDGE JULIA SPAIN, DEPT. 520]

15   BERKELEY UNIFIED SCHOOL
     DISTRICT; TONIA COLEMAN; JASDEEP       **PLAINTIFF JANE DOE'S NOTICE OF**
16   MALHI; and Does 1-50,                  **MOTION AND MOTION FOR LEAVE TO**
                                            **FILE AMENDED COMPLAINT**
17              Defendants.
                                            Date:  November 12, 2020
18                                          Time:  2:00 p.m.
                                            Dept.: 520
19                                          Reservation Number:  R-2211070
20
                                            Action Filed:  January 31, 2020
21                                          Trial Date:  January 14, 2022

22

23

24

25

26

27

28

PLAINTIFF'S NX OF MTN. & MTN. FOR LEAVE          1                    CASE NO. RG20052743
TO AMEND COMPLAINT

1     <u>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**</u>

2 **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

3     PLEASE TAKE NOTICE that on November 12, 2020, at 2:00 p.m. or as soon thereafter

4 as the matter may be heard via BlueJeans in Department 520 of the above-entitled court, located

5 at 24405 Amador Street, Hayward, CA 94544, plaintiff Jane Doe will move the Court for an

6 order granting leave to amend the Complaint for Damages, filed on January 31, 2020, to (1) add

7 Brent Stephens as a named defendant; (2) add additional factual information; (3) minor revisions

8 to the allegations; and (4) add causes of action for negligent supervision and/or training, violation

9 of California Civil Code section 51, *et seq*., discrimination in violation of California Education

10 Code section 220, *et seq*., discrimination in violation of California Government Code

11 section 815.6, and violation of California Government Code section 11135.

12     This motion is made pursuant to Code of Civil Procedure section 473(a)(1), which

13 permits amendments in furtherance of justice, and Code of Civil Procedure section 576, which

14 grants the Court authority to amend a pleading at any time before or after the commencement of

15 trial.

16     This motion is further based upon California Rules of Court, Rule 3.1324; this Notice; the

17 attached Memorandum of Points and Authorities; the Declaration of Jayme L. Walker, filed

18 herewith; the records and files in this action; and upon such further evidence and argument as

19 may be presented prior to or at the time of hearing on the motion.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1    Dept. 520 requires advance notice of intent to contest a tentative ruling (TR) in all

2  law and motion matters.  Your TR can be read on the internet at

3  www.alameda.courts.ca.gov/domainweb, calendar information for Dept. 520, or can be

4  heard by calling (866) 223-2244.  The TR will automatically become the final order of the

5  Court unless a party notifies the department and all parties by no later than 4:00 p.m. on the

6  court day before the hearing: (1) notifies the Court by e-mail at

7  Dept520@alameda.courts.ca.gov and includes what specially they are contesting in the

8  tentative ruling, AND (2) notifies all opposing counsel or unrepresented parties by

9  telephone or in person that the party intends to appear to contest the TR.  A party failing to

10 give proper advance notice will not be allowed to contest the tentative ruling on the

11 scheduled hearing date.  You must include all parties in your email to the Court contesting

12 the matter!!!

13

14

15 DATE:  October 13, 2020                     GWILLIAM IVARY CHIOSSO CAVALLI & BREWER

16

17                                             Jayme L. Walker
                                               Attorney for Plaintiff
18                                             JANE DOE

19

20

21

22

23

24

25

26

27

28

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1

## TABLE OF CONTENTS

2                                                                                                    **Page**

3  I.      INTRODUCTION ................................................................................................6

4  II.     STATEMENT OF FACTS ....................................................................................7

5  III.    ARGUMENT.........................................................................................................8

6          A.    There Is a Strong Policy in Favor of Liberal Allowance of

7                Amendments...........................................................................................8

8          B.    Plaintiff's Motion for Leave to Amend Should Be Granted ..................8

9  IV.     CONCLUSION ...................................................................................................10

10

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berman v. Bromberg* (1997) 56 Cal.App.4th 936.....................................................................8

*Dallman Supply Co. v. Sweet* (1948) 86 Cal.App.2d 78..........................................................9

*Douglas v. Superior Court* (1989) 215 Cal.App.3d 155.........................................................10

*Howard v. County of San Diego* (2010) 184 Cal.App.4th 1422.............................................10

*Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045 ...................................8

*Sullivan v. City of Sacramento* (1987) 190 Cal.App.3d 1070................................................8

**Statutes**

Code Civ. Proc., § 340.1.........................................................................................................7

Code Civ. Proc., § 379(a)(1)...................................................................................................9

Code Civ. Proc., § 471.5(a) ..................................................................................................10

Code Civ. Proc., § 473(a)(1)..........................................................................................2, 6, 8

Code Civ. Proc., § 576.......................................................................................................2, 8

Cal. Gove. Code, § 905(m)......................................................................................................7

Cal. Rules of Court, rule 3.1324 .............................................................................................2

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a case in which a minor high school student was sexually assaulted by another student in a classroom at her school. After she reported it to administrators at her school, nothing was done. In fact, her school and her school district knew long before her assault that her assailant had assaulted six (6) to ten (10) other students, knew that the same classroom was used for other nefarious purposes by other students, and knew that their responses to sexual assaults on campus and been inadequate for years. Following the filing of Plaintiff's complaint, student activists staged a walk out at Berkeley High School due to their anger that yet another female student had been victimized by a woefully inadequate response from BUSD in response to a sexual assault. Yet even after the filing of Jane Doe's complaint, when Jane Doe told Defendants that her assailant was continuing to harass her, they did nothing. When Jane Doe told Defendants that her assailant continued to violate the "no contact" order they had put in place, they did nothing. Eventually, after enduring continued victimization and with no hope of aid from Defendants, Jane Doe was forced to withdraw from school.

Plaintiff seeks leave to file the First Amended Complaint pursuant to California Code Civil Procedure section 473(a)(1). No prejudice will result from the proposed amendment, which is largely for conduct that occurred after the filing of Plaintiff's original complaint. Plaintiff filed a Government Tort Claim Form with defendant Berkeley Unified School District (hereinafter "BUSD") on April 8, 2020, alerting BUSD to her intent to file this amended complaint and the scope and facts of the damages they caused her. Trial in this matter is not set until January 14, 2022. Only limited written discovery has been conducted, and no depositions have been taken. Plaintiff reached out to Defendants' counsel to see if they would stipulate to amendment of the complaint, but they refused. Accordingly, Plaintiff respectfully requests that the Court grant her motion for leave to amend.

///
///
///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

## II.    STATEMENT OF FACTS

Plaintiff filed the Complaint for Damages on January 31, 2020, asserting a cause of action for negligence.  Broadly, Plaintiff alleges that, during her tenure as a student at Berkeley High School (hereinafter "BHS"), she was sexually assaulted by another student during school hours in an unlocked classroom.  At the time of Doe's assault, BUSD was aware that the student had assaulted six (6) to ten (10) other girls at BHS, and was aware that the classroom in which she was assaulted was regularly used by students to engage in illicit activities.  Yet BUSD had done nothing to ensure that the assailant was properly supervised so as to ensure the safety of its students.  Following the filing of Plaintiff's original complaint, Plaintiff was further victimized by her assailant, who was allowed to continue to harass her at school, spread rumors about her, and taunt her with his friends.  When Jane Doe reported this to BUSD, they failed to protect Jane Doe or to give her a learning environment free from sexual harassment.  (Declaration of Jayme L. Walker ("Walker Decl."), filed herewith, ¶ 2 and Ex. 1 [Complaint for Damages] at ¶¶ 9-27.)

Pursuant to California Government Code section 905(m), Jane Doe was not required to exhaust administrative remedies, because her original claims are brought under California Code of Civil Procedure section 340.1 for the recovery of damages suffered as a result of childhood sexual abuse.  Jane Doe did file a Government Tort Claim Form with Defendant BUSD on April 8, 2020, notifying BUSD of her intent to file a First Amended Complaint for Damages, and the scope and facts of the damages Defendants caused her following the filing of her original complaint.  (Walker Decl., ¶ 3 and Ex. 2 [Government Tort Claim Form].)

The proposed First Amended Complaint for Damages includes the following amendments: (1) add Brent Stephens as a named defendant; (2) add additional factual information (primarily paragraphs 4, 18-25, 27-31); (3) minor revisions to the allegations; and (4) add causes of action for negligent supervision and/or training (paragraphs 47-51), violation of California Civil Code section 51, *et seq*. (paragraphs 52-57), discrimination in violation of California Education Code section 220, *et seq*. (paragraphs 58-63), discrimination in violation of California Government Code section 815.6 (paragraphs 64-68), and violation of California Government Code section 11135 (paragraphs 69-72).  (Walker Decl., ¶ 4 and Ex. 3 [First

1 Amended Complaint for Damages].)  A redlined version showing all additions and deletions is

2 attached as Exhibit 4 to the Declaration of Jayme L. Walker, filed herewith, at paragraph 5.

3 **III.     ARGUMENT**

4        **A.     There Is a Strong Policy in Favor of Liberal Allowance of Amendments.**

5        Pursuant to Code of Civil Procedure section 576, "[a]ny judge, at any time before or after

6 commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may

7 allow the amendment of any pleading[.]"  Moreover,

8        The court may, in furtherance of justice, and on any terms as may be proper, allow
         a party to amend any pleading or proceeding by adding or striking out the name of
9        any party, or by correcting a mistake in the name of a party, or a mistake in any other
         respect; and may, upon like terms, enlarge the time for answer or demurrer. The
10       court may likewise, in its discretion, after notice to the adverse party, allow, upon
         any terms as may be just, an amendment to any pleading or proceeding in other
11       particulars; and may upon like terms allow an answer to be made after the time
         limited by this code.
12

13 (Code Civ. Proc., § 473(a)(1).)

14        "There is a policy of great liberality in permitting amendments to the pleadings at any

15 stage of the proceeding."  (*Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 945, quoting

16 *Sullivan v. City of Sacramento* (1987) 190 Cal.App.3d 1070, 1081 [internal quotations omitted].).

17 Accordingly, it is an abuse of discretion for a court to deny leave to amend where the opposing

18 party was not misled or prejudiced by the amendment.  (*Berman*, *supra*, 56 Cal.App.4th at 945,

19 quoting *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048.)

20 Furthermore, it is irrelevant that new legal theories are introduced, as long as the proposed

21 amendment relates to the same general set of facts.  (*Berman*, *supra*, 56 Cal.App.4th at 945,

22 quoting *Kittredge Sports Co.*, *supra*, 213 Cal.App.3d at 1048.)

23        **B.     Plaintiff's Motion for Leave to Amend Should Be Granted.**

24        Plaintiff's proposed First Amended Complaint for Damages is necessary and proper

25 because the additional causes of action and the additional defendant all relate to the same set of

26 facts, i.e., Plaintiff's sexual assault and the lack of an adequate response to protect her from

27 further victimization by her assailant after she filed her original complaint.  Defendants' actions

28 subsequent to Plaintiff's assault had logical and foreseeable consequences, including, *inter alia*,

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1    discriminating against her on the basis of sex, denying her equal treatment, and denying her

2    equal access. (Walker Decl., ¶ 6.)

3          Pursuant to Code of Civil Procedure section 379(a)(1), "all persons may be joined join in

4    one action as defendants if there is asserted against them" "[a]ny right to relief jointly, severally,

5    or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of

6    transactions or occurrences and if any question of law or fact common to all these persons will

7    arise in the action." California courts have long recognized that this section must be broadly

8    construed, "permitting joinder whenever possible in furtherance of the objects of the reformed

9    procedure, to simplify the pleadings and conduct of actions, and so far as practicable to permit

10   the settlement of all matters of controversy between the parties in one action." (*Dallman Supply*

11   *Co. v. Sweet* (1948) 86 Cal.App.2d 780, 784.)  The liability of BUSD's superintendent, defendant

12   Brent Stephens, as well as BUSD's and his many failures to her in relation to the same, stem

13   directly from Plaintiff's sexual assault, as pled in her Complaint. (Walker Decl., ¶ 7.)

14         Furthermore, Plaintiff timely sought leave to amend.  The facts giving rise to the

15   amended allegations were discovered since filing the Complaint.  As explained above, Plaintiff

16   notified Defendants of her intent to amend the complaint when she filed a Government Tort

17   Claim Form approximately three (3) months after filing her Complaint for Damages.

18   Additionally, on March 4, 2020, a State of Emergency was declared in California in response to

19   the COVID-19 pandemic.  Even assuming, *arguendo*, that there is some question as to whether

20   there has been a delay, it surely is not an unreasonable one, nor one by which Defendants have

21   been misled or prejudiced.  In short, Plaintiff acted timely to notify Defendants, and to then

22   request the amendment as soon as possible. (Walker Decl., ¶ 8.)

23         Finally, granting the instant motion will not prejudice Defendants.  Trial is not until

24   January 14, 2022.  Only limited written discovery has been conducted, and no depositions have

25   been taken.  Given that Superintendent Brent Stephens is an agent of Defendant BUSD, and that

26   BUSD is therefore liable for his actions, joining him will promote efficiency and allow the case

27   to be properly adjudicated on its merits.  All added causes of action relate back to the Complaint

28   for Damages and to the facts articulated therein, and, as such, no undue delay or surprise will

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1  result.  (Walker Decl., ¶ 9.)

2      Therefore, leave to amend should be granted.  (See *Howard v. County of San Diego*

3  (2010) 184 Cal.App.4th 1422, 1428, citing *Douglas v. Superior Court* (1989) 215 Cal.App.3d

4  155, 158 ["The policy favoring amendment is so strong that it is a rare case in which denial of

5  leave to amend can be justified."].)

6  **IV.   CONCLUSION**

7      For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order

8  granting leave to file the proposed First Amended Complaint for Damages and deem said

9  amended pleading filed as of the date and time of the granting of this motion, in accordance with

10  Code of Civil Procedure section 471.5(a).

11

12

13  DATE:  October 13, 2020          GWILLIAM IVARY CHIOSSO CAVALLI & BREWER

14

15  _____
   Jayme L. Walker

16  Attorney for Plaintiff
   JANE DOE

17

18

19

20

21

22

23

24

25

26

27

28

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPINELLI, DONALD &
NOTT

# EXHIBIT D

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 9 2020

CLERK OF THE SUPERIOR COURT
Anita Dhir

1   SPINELLI, DONALD & NOTT
    A Professional Corporation
2   ROSS R. NOTT, SBN: 172235
    601 University Avenue, Suite 225
3   Sacramento, CA 95825
    Telephone:  (916) 448-7888
4   Facsimile:  (916) 448-6888

5   Attorneys for Defendants
    BERKELEY UNIFIED SCHOOL DISTRICT,
6   TONIA COLEMAN and JASDEEP MALHI

7

8                   IN THE SUPERIOR COURT OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10

11  JANE DOE,                              Case No.:  RG20052743

12          Plaintiffs,                    [ASSIGNED FOR ALL PURPOSES TO
                                           JUDGE JULIA SPAIN, DEPT 520]
    v.
13                                         DEFENDANTS' OPPOSITION TO
    BERKELEY UNIFIED SCHOOL               MOTION FOR LEAVE TO FILE FIRST
14  DISTRICT, TONIA COLEMAN, JASDEEP      AMENDED COMPLAINT
    MALHI, and DOES 1-50,
15          Defendant.                     DATE:  November 12, 2020
                                           TIME:  2:00 p.m.
16                                         DEPT:  520

17

18                                         [FEES EXEMPT PURSUANT TO
                                           GOVERNMENT CODE §6103]
19                                         Complaint Filed:  January 31, 2020

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD &
NOTT

Defendants' Opposition to Motion for Leave to File First Amended Complaint

1    **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    Defendants Jasdeep Malhi, Tonia Coleman and Berkeley Unified School District hereby and

3    herewith oppose Plaintiff's Motion for Leave to File First Amended Complaint.

4    **I. INTRODUCTION**

5    Plaintiff's original Complaint asserted a negligent supervision claim only for the May, 2019

6    incident where she alleges that she was groped by a male Berkeley High School student. That

7    original Complaint was filed in January, 2020.

8    Now, Plaintiff seeks to expand upon that original Complaint to assert five additional causes

9    of action. Notwithstanding that Plaintiff has failed to comply with timely Government Claims filing

10   requirements or exhaust her administrative remedies at the District, she requests leave of Court to

11   file this pleading.  Plaintiff's motion correctly states that the defense did not stipulate to the

12   amendments, but does not disclose why.  As Plaintiff was advised, several of the claims are legally

13   insufficient, cannot be stated, or that she does not have standing to assert the claims. As an example,

14   she asserts an Unruh Civil Rights Act claim against a school district which is not a "business

15   establishment" subject to the Act. Defendants are not willing to agree to amendment where the

16   claims are not viable and will only waste Court and school district resources to pare them down to

17   what may be legally (though not factually) viable.

18   While the right to amend a pleading is liberally granted, it is not without limitations. Here,

19   the Court should exercise its discretion and allow only bona fide, legally sufficient and supported

20   cause of action to be added to the current mix. Otherwise, the Court is inviting a slew of law and

21   motion to remove the improper causes of action at the expense of the Court's finite resources and

22   the limited resources of a public-school district.

23   **II. SUMMARY OF FACTS**

24   Plaintiff's allegations in this case, made initially in her complaint and now by her efforts to

25   file a First Amended Complaint, are simply that - allegations. Contrary to the assertions set forth in

26   the introduction to Plaintiff's motion, once Plaintiff reported this incident the week after it occurred

27   (in May of the 2018/19 school year), school district personnel reported the matter to law

28   enforcement who then took over and conducted their own criminal investigation. The school

1  district, through its administration and counseling departments, worked with the Plaintiff directly to

2  make sure that she remained safe at school while at the same time disciplined the alleged

3  perpetrator. No further incidents were reported for that school year, nor was she ever again groped

4  by the alleged perpetrator.

5      Once the 2019/20 school year began, Plaintiff and her parents contacted the school to report

6  some type of taunting involving the alleged perpetrator, a meeting was immediately held, and

7  additional efforts were undertaken to limit the potential for contact between the two involved

8  students.    Furthermore, a Uniform Complaint Procedure was implemented, investigated and

9  responded to by the District. Plaintiff and her parents did not appeal that determination.  Contrary to

10  her proposed allegations, District personnel were responsive and supportive of Plaintiff and her

11  family's reports.

12      By way of the proposed First Amended Complaint, Plaintiff proposes allegations that will

13  not be factually supported. However, that is an issue for another day and another motion. What is

14  relevant here is whether the First Amended Complaint contains legally viable causes of action.

15  Whether the five new causes of action can be supported legally is a question that the Court should

16  consider before agreeing to grant leave to file the amended pleading. Otherwise, the Court is

17  inviting pleading motions, protracted discovery and dispositive motions at the expense of a public-

18  school district as well as its own, finite resources. Clearing the way for an amended pleading which

19  contains only legally viable claims will pave the way for the parties to enter discovery and work

20  towards dispositive motions.[1]

21      Specific proposed factual allegations which are immaterial to any viable cause of action

22  include:

23      ¶18 - this proposed allegation references Berkeley Police Department officer Geoffrey

24      Mitchell, his investigation of the assault and the allegation that he "discouraged" Plaintiff

25      and her family from pursuing criminal charges. The conduct of a law enforcement officer

26
27  [1] Defendants engaged in a meet and confer process with the Plaintiff attorney and noted that there were several problems with its proposed pleading. While that meet and confer process was helpful to narrow some of the more interesting causes of action, it was unsuccessful in that the proposed First Amended Complaint still includes claims that
28  are not legally recognized nor sufficient to support a basis for recovery.

(who is not an employee of the District) is immaterial. Furthermore, the allegations ignore that this very officer in fact cited the perpetrator for criminal conduct. The remainder of this paragraph is also inapposite because there can be no claim regarding Title IX training or supervision as discussed below.

¶¶24 - 25 - these paragraphs attempt to involve allegations of unknown complaints made by student body, parents and "community" to the District over some unknown period of time. This paragraph does not assert any specific complaint made by any specific person (let alone Plaintiff) and cannot establish any basis for liability on Plaintiff's viable causes of action. For this reason, this paragraph is subject to motion to strike. (Code Civ. Proc. §436(a).)

¶34 - this allegation injects a "due care" standard in a negligence claim against a public entity and its personnel. Public entities are not subject to a "due care" or negligence duty analysis. Furthermore, here the District employees are only subject to that standard of conduct that arises under state or federal statutes governing their actions including Education Code section 44807 (duty to supervise) and Plaintiff's allegations under Education Code section 220. (Gov. Code §820(a).) Because the conduct of the individual defendants is prescribed by the statutes, "general tort principles" including a duty of "due care" potentially applicable to private citizens does not apply to them here.

¶40 - this is a misstatement of law subject to motion to strike. The law requires the District to not be *deliberately indifferent to known instances of harassment.*

¶41 - this paragraph misstates the law and is subject to motion to strike as discussed below.

¶45 - this paragraph misstates the law and is subject to motion to strike as discussed below.

In addition, a portion of the First Cause of Action for Negligence, the entire Second Cause of Action for Negligent Supervision, the entire Third Cause of Action for Unruh Civil Rights Act Violation, Fifth Cause of Action for Violation of Government Code section 815.6 and Sixth Cause of Action for Violation of Government Code section 11135 are not legally viable as discussed below. The Court should not allow any amended pleading were doing so only invites more law and motion, needlessly increases the scope of discovery, and operates to increase costs of litigation on a public-school district and its employees, as well as impact the Court's limited time and resources.

1  **III.   THE COURT SHOULD EXERCISE ITS DISCRETION AND DENY PLAINTIFF**
2  **LEAVE TO FILE ANY AMENDED PLEADING THAT INCLUDES INSUFFICIENT**
   **CLAIMS THAT WILL ONLY INVITE FURTHER LAW AND MOTION TO CORRECT**

3           Motions for leave to amend pleadings are directed to the sound discretion of the trial judge,

4  and courts may, "in furtherance of justice, *and on any terms as may be proper*, allow a party to

5  amend any pleading." (Code Civ. Proc. §473(a)(1), emph. added.) While the policy favoring

6  amendment is strong enough that denial of leave to amend is rarely justified, the Court is allowed to

7  impose conditions upon leave to amend including compensating defendants for inconvenience

8  posed by a belated amendment or refusing to allow amendments that pose legal hurdles such as

9  statute of limitations defenses. (*Armenta ex rel City of Burbank v. Mueller Company* (2006) 142

10 Cal.App.4th 636, 642; *Hobson v. Raychem Corporation* (1990) 973 Cal.App.4th 614, 626.) Trial

11 courts have discretion to deny leave to amend where a proposed amendment fails to state a valid

12 cause of action or defense. (*California Casualty Gen. Insurance Company v. Superior Court* (1985)

13 173 Cal.App.3d 274, 280-281.) Trial courts properly reject proposed amended pleadings which are

14 either untimely or are subject to demurrer for other reasons such as res judicata. (*Yee v. Mobilehome*

15 *Park Rental Review Board* (1998) 62 Cal.App.4th 1409, 1429.)

16         Here, while the Court has discretion to allow Plaintiff to amend her complaint, that should

17 not come at the expense and frustration of Defendants having to address claims for relief for which

18 none can be provided nor claims for which she does not have standing to assert. Otherwise, the

19 amended pleading poses prejudice to the Defendants by requiring them to demurrer and/or move to

20 strike cause of action. This is particularly problematic here because the case was deemed at issue

21 and a trial date has been assigned. Adding four additional causes of action which are not legally

22 viable to the single claim presented initially, most of which are not properly stated, should not be

23 endorsed to the Court.

24    A.    **First Cause of Action - Negligence as to Jasdeep Malhi, Tonia Coleman, Dr.**
            **Brent  Stephens, and BUSD.**

25         This cause of action asserts negligent supervision as well as "hiring/training" causes of

26 action, and claims that the individual defendants had a duty to supervise Plaintiff while in their

27 "custody." The duty to supervise Plaintiff not only goes to the time of the alleged sexual assault,

28

1   but also after when Plaintiff claims she was being harassed and/or taunted by the male student.

2   Arguably, these allegations are generally consistent with the prior pleading as to the incident, and

3   roughly states the duty of school personnel to hold pupils "to account" pursuant to Education Code

4   §44807.

5   However, there is a further claim of failure to train in FAC ¶41 based upon Title IX which

6   Plaintiff alleges gives rise to a "statutory duty."  Notwithstanding that these proposed statutory

7   duties do not arise out of negligence (Title IX requires deliberate indifference which is not a

8   negligence standard), this aspect of the pleading will be subject to motion to strike.

9   Contrary to Plaintiff's claim that Title IX imposes a mandatory duty on any defendant to

10  train others on any Title IX process is not supported in the legislation or any case law. At most,

11  Title IX requires a public district to designate a Title IX coordinator (BUSD did so here), provide

12  notification of its Title IX policy (BUSD did so here), and adopt grievance procedures (BUSD did

13  so here and Plaintiff and her parents utilized). (34 CFR §106.8.) Furthermore, these regulations do

14  not give rise to a private right of cause of action or enforcement by Plaintiff. (*Gebser v. Lago Vista*

15  *Independent School District* (1998) 524 US 274, 291-293 - failure to state and/or publicize effective

16  policies and/or grievance procedure for sexual harassment claims within school district does not

17  constitute discrimination under Title IX and cannot be the subject of a claim for damages.)

18  The FAC ¶45 also injects immaterial claims of duty.[2]  None of the identified Education

19  Code sections impose any mandatory duty on the part of any defendant that can generate liability

20  here.

21  For example, Education Code section 201 is simply a legislative declaration. Education

22  Code section 220[3] provides that no person shall be subject to discrimination on the basis of their

---

[2] The District can only be directly liable where it violates a mandatory duty imposed by enactment by an appropriate legislative body, and then only where that enactment is designed to protect against the risk of the particular kind of injury claimed by Plaintiff. (Gov. Code § 815.6.)  Whether a statute or enactment creates a mandatory duty that was breached presents a question of law for the court. (*State Department of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 349.)

[3] This statute is duplicative of the 4ᵗʰ COA which is legally, but not factually, viable.  It does not belong in the 2ⁿᵈ COA for negligent supervision because Ed. Code §220 tracks with Title IX and involves a deliberate indifference standard. Deliberate indifference is not a negligence standard. (*Lucas v. County of Los Angeles* (1996) 47 Cal.App.4ᵗʰ 277, 287 – deliberate indifference to inmate's medical needs cannot be met by mere negligence.)

1  gender in any program or activity conducted by an educational institution receiving state financial

2  assistance. Education Code section 221.6 requires online posting of Title IX regulations. Education

3  Code section 221.8 identifies a list of rights provided under federal regulation which may be used

4  by the Department of Education. Education Code section 230 identifies specific acts that amount to

5  "harassment and other discrimination on the basis of sex" including denying benefits to persons on

6  the sex provide different amounts or types of financial aid and excluding persons on the basis of the

7  sex from participating in athletic programs. Education Code section 231.5 requires educational

8  institutions to have written policies on sexual harassment. Education Code section 234.1 provides

9  that Department of Education shall monitor adherence to its antidiscrimination, anti-harassment,

10  anti-intimidation and anti-bullying requirements. ***None of these identified code sections impose***

11  ***any mandatory duty on any defendant in this case vis-à-vis Plaintiff*** (not to mention, all were

12  complied with by the District). For this reason, the allegations in this paragraph are completely

13  immaterial to any legal claim that Plaintiff can state for negligence.

14       For these reasons, the First Cause of Action should not be amended to include legally

15  incongruent claims, any claim that a mandatory duty exists beyond Education Code section 44807,

16  or seeking to assert unidentified "mandatory duties" where none exist or where they cannot provide

17  relief. ***Paragraphs 41 and 45 should not be part of any amended pleading allowed by the Court***.

18       **B.    Second Cause of Action – Negligent Supervision as to BUSD, Coleman and**

19                 **Stephens.**

20       This Cause of Action focuses on duty to train teachers, counselors, and administrative staff

21  on how to respond appropriately to reports of harassment. (FAC ¶48, 49.)  For the same reasons as

22  referenced in section III. A above, there is no mandatory duty to train as claimed by Plaintiff here,

23  nor is there any private claim for damages to be made under United States Supreme Court case law.

24       **C.    Third Cause of Action – Unruh Civil Rights Act Violation as to BUSD.**

25       This claim alleges that the District is a "business establishment." No California State Court

26  has made a determination that a public-school district meets the definition of a business

27  establishment.

28       Defendant, BUSD is not a "business establishment" within the meaning of the Unruh Act.

1   The Unruh Act secures equal access to public accommodations and prohibits discriminations by "all
2   business establishments of every kind whatsoever" and whether a defendant is a "business
3   establishment" for purposes of the Act is a question of law. (*Rotary Club of Duarte v. Board of*
4   *Dirs.* (1986) 178 Cal.App.3d 1035, 1050.) The California Supreme Court has not  addressed
5   whether a California school district is a business establishment within the meaning of the Act.

6   However, it has been held by the California Supreme Court that the Unruh Act's "business
7   establishments" language cannot be so expansively defined as to include membership decisions of a
8   charitable, expressive or social organization whose formation and activities are unrelated to the
9   promotion or advancement of economic or business interests of its members. (*Curran v. Mt. Diablo*
10  *Counsel of Boy Scouts* (1998) 17 Cal.4th 670, 697.) The fact that the Boy Scouts was "generally
11  nonselective" in its admission policies was determinative to whether it was a "business
12  establishment." (*Id.* at 697-698.)  Public schools are not only generally "nonselective," but entirely
13  so when it comes to its students as they cannot turn them away under any circumstance and cannot
14  not charge them for education services.

15  Importantly, no California Appellate Court has determined that a school qualifies as a
16  "business establishment" within the meaning of the Unruh Act. The Court in *Doe v. California*
17  *Lutheran High School Association* (2009) 170 Cal.App.4th 828, relying on the Supreme Court's
18  reasoning in *Curran*, held that a private school was not a business establishment. The *Doe* court
19  observed that "although the fact that the school is nonprofit is not controlling, this does mean that it
20  should not be deemed a business, unless it has some significant resemblance to an ordinary for-
21  profit business." (*Id.* at 839.)

22  Public schools like the private school in *Doe*, do not exist to promote economic or business
23  interests, but to educate children. Where the private school in *Doe* charged students between $4,500
24  and $6,500 per year in tuition (unlike BUSD), it was still not a "business establishment." (*Id.* at
25  831.)  Public schools are not operated for a profit and they do not charge students or their families
26  for the education provided. Therefore, the BUSD cannot be determined to be a "business
27  establishment" as required by the Act because it does not possess any sufficient "business like
28  attributes." (See *Carter v. City of Los Angeles* (2014) 224 Cal.App.4th 808; *Doe v. California*

1   *Lutheran High School Association, supra,* 170 Cal.App.4th at 831-832.)

2   As a matter of law, this cause of action is not viable and should not be part of any amended

3   pleading permitted by the Court.

4   **D.    Fifth Cause of Action – Government Code §815.6 - Failure to Discharge**

5   **Mandatory Duty as to BUSD.**

6   In this cause of action, Plaintiff once again injects Title IX and Education Code sections as

7   presenting statutory duties allegedly violated by the District.  For the same reasons as stated in

8   section III. A above, these fail here as the cited authorities do not establish any statutory mandate to

9   support a Government Code section 815.6 cause of action here.[4]

10   **E.    Sixth Cause of Action – Violation of Government Code §11135 as to BUSD.**

11   Government Code section 11135 provides in pertinent part:

12   "(a) No person in the State of California shall, on the basis of sex, … be unlawfully
13   denied full and equal access to the benefits of, or be unlawfully subjected to
     discrimination under, any program or activity that is conducted, operated, or
14   administered by the state or by any state agency, is funded directly by the state, or
     receives any financial assistance from the state. …"

15   Initially, this Government Code section did not provide an express private right of action for

16   enforcement (see *Arriaga v. Loma Linda University* (1992) 10 CalApp.4th 1558, 1564), which was

17   corrected in 2001 by amendment to Government Code section 11139. However, the express private

18   right of action is limited to enforcement by a civil action *for equitable relief only*. (Gov. Code

19   §11139.) In addition, the claim is subject to exhaustion of administrative remedies. (*J.E.L. v. San*

20   *Francisco Unified School District* (N.D. Cal. 2016) 185 F.Supp.3d 1196, 1201.)

21   A plaintiff pursuing a Government Code section 11135 claim for equitable relief must have

22   standing to assert that claim. Plaintiffs seeking injunctive relief must allege "continuing, present

23   adverse effects" stemming from a defendant's actions. (*Prescott v. Rady Children's Hospital-San*

24   *Diego* (S.D. Cal. 2017) 265 F.Supp.3d 1090, 1100.) Past exposure to allegedly illegal conduct alone

25

26   ⁴ The new citation to Education Code section 44113(a) which proscribes reporting by school employees of improper
     government activities is inapposite here.  "[S]ection 44113 makes persons who exercise supervisory authority over
27   personnel actions liable when that authority is used to interfere with a schoolteacher's rights under the Act."  (*Conn v.*
     *Western Placer Unified School Dist.* (2010) 186 Cal.App.4th 1163, 1168.)  This is not a whistleblower claim by a
28   district employee, but a claim of peer on peer sexual harassment.

1   does not demonstrate a present case or controversy sufficient to establish standing to seek injunctive

2   relief. (*Id.*)

3   Here, Plaintiff's proposed Sixth Cause of Action against the District fails because there is no

4   demonstration of exhaustion of administrative remedies, and there can be no present and ongoing

5   affiliation with the District sufficient to show potential exposure to discriminatory conduct in the

6   future as Plaintiff has graduated high school and is in college.[5]   Because Plaintiff is no longer a

7   student in the Berkeley Unified School District, she has no standing to assert any claims for

8   equitable or injunctive relief – the only claims available under Government Code section 11135.

9   ## IV. CONCLUSION

10   Berkeley Unified School District does not disagree that the public policy of the State of

11   California and its courts employs a procedure for liberally granting a party the right to amend their

12   action. However, courts are vested with discretion to allow only amendments upon certain

13   conditions or circumstances including allowing only viable claims to proceed. Here, defense

14   counsel met and conferred with Plaintiff's counsel which was helpful to some degree in that several

15   proposed causes of action have been removed from the proposed amended pleading. However, there

16   remain causes of action as well as paragraphs of proposed allegations that have no legal relevance

17   to the action and which will only serve to generate further law and motion, needlessly taxing the

18   resources of the Court and Defendants.

19   To this end, Defendants respectfully request that the Court exercise its discretion and limit

20   any amendment so that it excludes paragraphs 18, 24-25, 34, 40-41 and 45, and only includes the

21   First Cause of Action (without paragraphs 41 and 45 which inappropriately inject Title IX and

22   Education Code provisions that do not establish any mandatory duty), and the Fourth Cause of

23   Action for Education Code section 220 claims. All other claims are either not properly stated, are

24   legally insufficient or Plaintiff does not have standing to assert them. With these appropriate

25

26

27   [5] Out of respect for Plaintiff's privacy, her Responses to Form Interrogatories are not attached hereto. If disputed by Plaintiff on Reply, Defendants can provide the discovery to the Court to confirm her 2020 graduation from high school

28   at the time of hearing.

1   limitations, the Court can accommodate Plaintiff's legitimate need to amend her pleading without

2   wasting Court resources and/or needlessly imposing costs on a public-school district.

3

4   Dated:  October 29, 2020                    SPINELLI, DONALD & NOTT

5

6                                              By: _____
                                                    ROSS R. NOTT
7                                                   Attorneys for DEFENDANTS
                                                    BERKLEY UNIFIED SCHOOL
8                                                   DISTRICT, TONIA COLEMAN and
                                                    JASDEEP MALHI
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2  COURT:          Superior Court of California, County of Alameda
   CASE NO.:       RG20052743
3  CASE NAME:      *Jane Doe v. Berkeley Unified School District, et al.*

4       I am a citizen of the United States, employed in the County of Sacramento, State of
   California.  My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825.  I
5  am over the age of 18 and not a party to the above-entitled action.

6       I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing
   of correspondence for mailing with the United States Postal Service.  Pursuant to said practice, each
7  document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon
   and the sealed envelope is placed in the office mail receptacle.  Each day's mail is collected and
8  deposited in a U.S. mailbox at or before the close of each day's business.  (Code Civ. Proc., §
   1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)
9       On October 29, 2020, I caused the within:  **DEFENDANTS' OPPOSITION TO
   MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
10 to be served via

11 ☐   MAIL--
       Placed in the United States Mail at Sacramento, California in an envelope with postage
12     thereon fully prepaid addressed as follows:

| Jayme L. Walker, Esq. | |
|---|---|
| Gwilliam, Ivary, Chiosso, Cavalli & Brewer | |
| 1999 Harrison Street, Suite 1600 | ***Attorneys for Plaintiff*** |
| Oakland, CA  94612 | |
| Telephone: (510) 832-5411 | |
| Facsimile: (510) 832-1918 | |
| jwalker@giccb.com | |

13

14

15

16

17 ☒   BY ELECTRONIC SERVICE--
       I caused such document to be electronically served by filing said document electronically in
       accordance with rules of electronically filing documents. See Local Rule 5-135(a); Fed. R.
18     Civ. P. 5(b)(2)(D).

19 ☐   PERSONAL SERVICE--
       By causing delivery by hand to the addressee addressed as follows:
20

21 ☐   FEDERAL EXPRESS--
       By causing delivery by Federal Express of the document(s) listed above to the person(s) at
22     the address(es) set forth below:

23       I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.  Executed on October 29, 2020, at Sacramento, California.
24

25                                                    Shelley L. Grajeda

26

27

28

SPINELLI, DONALD &
NOTT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPINELLI, DONALD &
NOTT

# EXHIBIT E



1  JAYME L. WALKER, ESQ. (SBN. 273159)
   GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
2  1999 Harrison St., Suite 1600,
3  Oakland, CA 94612
   Phone: (510) 832-5411
4  Fax: (510) 832-1918
   Email: jwalker@giccb.com
5
6  Attorney for Plaintiff
   JANE DOE
7

8                 SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11

12  JANE DOE,                          Case No.: RG20052743

13             Plaintiff,

14  vs.                                [ASSIGNED FOR ALL PURPOSES TO
                                       JUDGE JULIA SPAIN, DEPT. 520]
15  BERKELEY UNIFIED SCHOOL
    DISTRICT; TONIA COLEMAN; JASDEEP   **PLAINTIFF JANE DOE'S REPLY TO**
16  MALHI; and Does 1-50,              **DEFENDANTS' OPPOSITION TO**
                                       **MOTION FOR LEAVE TO FILE FIRST**
17             Defendants.             **AMENDED COMPLAINT**

18
                                       Date:  November 12, 2020
19                                     Time:  2:00 p.m.
                                       Dept.:  520
20                                     Reservation Number:  R-2211070

21                                     Action Filed:  January 31, 2020
22                                     Trial Date:  January 14, 2022

23

24

25

26

27

28

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

PLAINTIFF'S REPLY RE MTN. FOR LEAVE TO          1                    CASE NO. RG20052743
FILE FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 6

II.   ARGUMENT ...................................................................................................... 7

    A.   The Court Should Not Entertain Defendants' Attempts to Turn the
Motion to Amend the Complaint Into a Motion to Strike or a
Demurrer ...................................................................................................... 7

    B.   There is No Basis to Exclude Any Facts From Plaintiff's Complaint
and the Facts Alleged Properly Support Plaintiff's Negligence
Cause of Action ........................................................................................... 7

    C.   The California Supreme Court has Recognized a Cause of Action
for Failure to Train and Negligent Supervision ......................................... 9

    D.   Plaintiff's Unruh Claims Against BUSD Are Proper ................................ 10

    E.   Plaintiff's Claim for Violation of Government Code section 815.6
Against BUSD Is Proper ........................................................................... 12

    F.   Plaintiff's Government Code section 11135 Claims Against BUSD
Are Proper ................................................................................................. 12

III.  CONCLUSION ................................................................................................. 14

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**TABLE OF AUTHORITIES**

**Page(s)**

UNITED STATES SUPREME COURT

*City of Los Angeles v. Lyons*
    (1983) 461 U.S. 95 ................................................................ 13

CALIFORNIA SUPREME COURT

*Bilafer v. Bilafer*
    (2008) 161 Cal.App.4th 363 ................................................................ 13

*Burks v. Poppy Construction Co.*
    (1962) 57 Cal.2d 463 ................................................................ 10

*C.A. v. William S. Hart Union High Sch. Dist.*
    (2012) 53 Cal.4th 861 ................................................................ 9, 10

*Curran v. Mt. Diablo Counsel of Boy Scouts*
    (1998) 17 Cal.4th 670 ................................................................ 11

*Dailey v. Los Angeles Unified Sch. Dist.*
    (1970) 2 Cal.3d 741 ................................................................ 10

*Doe v. City of Los Angeles*
    (2007) 42 Cal.4th 531 ................................................................ 8

*Hoff v. Vacaville Unified School Dist.*
    (1998) 19 Cal.4th 925 ................................................................ 9

*Isbister v. Boys' Club of Santa Cruz, Inc.*
    (1985) 40 Cal.3d 72 ................................................................ 10, 11

CALIFORNIA APPELLATE COURTS

*Blumhorst v. Jewish Family Services of Los Angeles*
    (2005) 126 Cal.App.4th 993 ................................................................ 13

*Doe v. California Lutheran High School Assn.*
    (2009) 170 Cal.App.4th 828 ................................................................ 11

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Hirsa v. Superior Court*

(1981) 118 Cal.App.3d 486 ................................................................ 7

*Iverson v. Muroc Unified School Dist.*

(1995) 32 Cal.App.4th 218 ................................................................ 8

*Kittredge Sports Co. v. Superior Court*

(1989) 213 Cal.App.3d 1045 ............................................................. 6

*Leger v. Stockton Unified School Dist.*

(1988) 202 Cal.App.3d 1448 ............................................................. 9

*M. W. v. Panama Buena Vista Union School Dist.*

(2003) 110 Cal.App.4th 508 ........................................................ 7, 8, 9

*Midpeninsula Citizens for Fair Housing v. Westwood Investors*

(1990) 221 Cal.App.3d 1377 ........................................................... 12

*Reycraft v. Lee* (2009)

177 Cal.App.4th 1211 .................................................................. 12

UNITED STATES DISTRICT COURTS

*Doe By and Through Doe v. Petaluma City Sch. Dist.*

(N.D. Cal. 1993) 830 F. Supp. 1560 ................................................. 11

*K. T. v. Pittsburg Unified Sch. Dist.*

(N.D. Cal. 2016) 219 F. Supp. 3d 970 .............................................. 11

*Newman v. San Joaquin Delta Community College Dist.*

(E.D. Cal. 2011) 814 F.Supp.2d 967 ................................................ 11

*Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist.*

(N.D. Cal. 1997) 964 F.Supp. 1369 ................................................. 11

*Prescott v. Rady Children's Hospital-San Diego*

(S.D. Cal. 2017) 265 F.Supp.3d 1090 .............................................. 13

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**TABLE OF AUTHORITIES (cont.)**

Page(s)

*Sullivan By and Through Sullivan v. Vallejo City Unified School Dist.*

 (E.D. Cal. 1990) 731 F.Supp. 947.................................................................................. 11

*Walsh v. Tehachapi Unified Sch. Dist.*

 (E.D. Cal. 2011) 827 F. Supp. 2d 1107......................................................................... 11

*Whooley v. Tamalpais Union High School District*

 (N.D. Cal. 2019) 399 F.Supp.3d 986 ........................................................................... 11

*Yates v. East Side Union High School District*

 (N.D. Cal., Feb. 20, 2019, No. 18-CV-02966-JD) 2019 WL 721313 ........................... 11

*Z. T. by and through Hunter v. Santa Rosa City Schools*

 (N.D. Cal., Oct. 5, 2017, No. C 17-01452 WHA) 2017 WL 4418864 .......................... 11

CONSTITUTIONAL PROVISIONS

Cal. Const., art. I, § 28, subd. (c) ....................................................................................... 9

STATUTES, CODES, AND REGULATIONS

Cal. Civ. Code, § 51 ...................................................................................................... 8, 10

Cal. Gov. Educ. Code § 220, *et seq.* ................................................................................. 8

Cal. Gov. Code, § 11135......................................................................................... 8, 12, 14

Code of Civil Proc., § 431.20(a) ...................................................................................... 13

Code of Civil Proc., § 471.5(a) ........................................................................................ 14

SECONDARY SOURCES

Weil, Brown et. al, California Practice Guide: Civil Procedure Before Trial

 ¶6:644 (June, 2020)...................................................................................................... 7

81 Ops.Cal.Atty.Gen. 189, (1998) .................................................................................... 12

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

I. **INTRODUCTION**

Plaintiff seeks leave to amend to allege facts that happened after the filing of her January Complaint for Damages (hereinafter, "Complaint"). After filing her complaint, Plaintiff's assailant continued to spread sexually harassing rumors about her and taunt her in and out of school. He violated the "no contact" order again and again. His friends joined in taunting Plaintiff. Plaintiff reported these violations to Defendant Berkeley Unified School District's (hereinafter, "BUSD") Title IX Coordinator, but BUSD's responses did nothing to protect her or her access to an education free from sexual harassment. Plaintiff learned of ongoing complaints to BUSD regarding its Title IX program, including the obstacles that prevented the program from providing her with any substantive assistance. She learned of a school safety and climate survey conducted at Berkeley High School that may have indicated that the classroom in which she was assaulted was a "hot spot" on campus where students were harassed, assaulted, or generally felt unsafe. This survey was never released to anyone. Plaintiff Jane Doe was forced to transfer to an independent study program, in order to reduce her significant anxiety, avoid the constant harassment, and generally feel safe again. These acts, combined with the response of the student body and community to Plaintiff's original complaint, informed Plaintiff of the depth of the problem at BUSD and its failure to properly protect female students and comply with the requirements of the California Education Code. For all of these reasons, Plaintiff seeks to amend her complaint to add the facts that occurred following the original filing, assert new causes of action that primarily arose from the new facts, and request injunctive relief so that what happened to her may be prevented from happening to other young women in the future.

Defendants seek to turn a simple motion to amend into a demurrer and motion to strike. This is premature and improper. Given the strong judicial and public policy favoring liberally allowing amendment of complaints, Defendants' Opposition is a waste of its own resources as well as those of the Court.

///

///

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1  **II.   ARGUMENT**

2  **A.   The Court Should Not Entertain Defendants' Attempts to Turn the Motion
   to Amend the Complaint Into a Motion to Strike or a Demurrer.**

3

4  The leading treatise on California civil procedure states as follows:

5  Ordinarily, a judge will not consider the validity of a proposed amended complaint
   in deciding whether to grant leave to amend.  (See, e.g., *Kittredge Sports Co. v.*
6  *Superior Court* (1989) 213 Cal.App.3d 1045, 1048.)  "Moreover, it is irrelevant
   that new legal theories are introduced as long as the proposed amendments 'relate
7  to the same general set of facts.'"  (*Id.* (quoting *Hirsa v. Superior Court* (1981) 118
   Cal.App.3d 486, 489).)  Grounds for demurrer or motion to strike are premature.
8  After leave to amend is granted, the opposing party will have the opportunity to
   attack the validity of the amended pleading.
9

10  Weil, Brown et. al, California Practice Guide: Civil Procedure Before Trial, ¶6:644 (June, 2020).

11  Here, Defendants argue facts that are not in the record, and wrongfully dispute allegations

12  in the Complaint and proposed First Amended Complaint (hereinafter, "FAC") using the wrong

13  legal mechanisms to do so.  For this reason alone, the Court should grant Plaintiff leave to amend

14  and deny Defendants' Opposition.

15  **B.   There is No Basis to Exclude Any Facts From Plaintiff's Complaint and the
   Facts Alleged Properly Support Plaintiff's Negligence Cause of Action.**

16

17  In any event, Defendants' premature motion to strike is not even well taken.  Defendants

18  seek to exclude relevant background and factual information from Plaintiff's Complaint, as well

19  as legal standards supported by the California Supreme Court.  Each allegation is taken in turn:

20  With regard to ¶ 18 of the FAC, the conduct of the Berkeley Police Department officer is

21  relevant to how BUSD dealt with their affirmative duty to investigate and remedy sexual

22  harassment at the school.  BUSD delegated this duty to the school resource officer who

23  discouraged Plaintiff from pursuing her complaint.  This is relevant to the violations of the

24  California Education Code, as well as, for Plaintiff's negligence cause of action.  The attitude of

25  the school resource officer can be imputed to the attitude of BUSD towards Plaintiff's repeated

26  and continued complaints of further victimization by her assailant.

27  ///

28  ///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1    ¶¶ 24-25 refer to a history of complaints by staff, students, and parents related to BUSD's

2    handling of sexual harassment and assault complaints as well as deliberate underfunding and

3    under-resourcing of the Title IX Coordinator.  These facts are relevant to Plaintiff's negligence

4    claim, Plaintiff's claim for violations of Education Code § 220, *et seq.*, her claim regarding

5    Defendants' failure to discharge mandatory duties under the Education Code, and her claim for

6    violations of the Unruh Civil Rights Act (Civ. Code, § 51, *et seq.*) and Government Code section

7    11135, because Defendants had notice of a problem that needed to be remedied and failed to

8    remedy it, which directly led to their failures to remedy the sexual harassment of Plaintiff, and

9    her subsequent denial of access to education.  Moreover, under notice pleading standards, the

10   doctrine of less particularity provides that, "[l]ess particularity [in pleading] is required when it

11   appears that defendant has superior knowledge of the facts, so long as the pleading gives notice

12   of the issues sufficient to enable preparation of a defense." (*Doe v. City of Los Angeles* (2007)

13   42 Cal.4th 531, 549–550.)

14        Defendants then seek to strike ¶¶ 34 and 40 because they dispute the use of "due care"

15   language and language regarding Defendants' duty to take "all reasonable steps to protect

16   Plaintiff from harassment, assault, and discrimination on school grounds."  This is just wrong.

17   Case law uses a negligence analysis and imposes tort principles against public schools in

18   California because of the compulsory nature of education.  For that reason, there is an

19   "affirmative duty on the school district to take all reasonable steps to protect its students."  (*M.*

20   *W. v. Panama Buena Vista Union School Dist.* (2003) 110 Cal.App.4th 508, 517.)

21        Defendants seek to strike ¶¶ 41 and 45 which re-allege facts from ¶¶ 24-25 and state that

22   Defendants violated their mandatory duties under the Education Code and Title IX.  These facts

23   support negligence per se and show all the ways in which Defendants failed under statutes

24   proscribed to remedy the exact harm that Plaintiff faced.  Defendants argue, without citation or

25   analysis, that the statutes alleged do not impose any mandatory duties on Defendants.  California

26   courts have recognized that the California Education Code creates statutory mandatory duties

27   regarding negligence for, *inter alia*, failure to supervise students.  (See, e.g., *Iverson v. Muroc*

28   *Unified School Dist.* (1995) 32 Cal.App.4th 218, 227–228.)  For that reason, Plaintiff states the

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1   duties imposed on the District by the Education Code and then states the ways in which

2   Defendant breached those duties to her.  In addition to their failure to cite any legal authority for

3   their argument, Defendants go so far as to improperly insert facts into their opposition which are

4   not in the record, have not been subject to discovery, and are not supported by any evidence

5   other than counsel's assertions.

6          For all of these reasons, Plaintiff respectfully requests the Court not entertain Defendants'

7   premature and legally unsupported motion to strike and grant Plaintiff's Motion to Amend her

8   Complaint.

9          **C.    The California Supreme Court has Recognized a Cause of Action for Failure
               to Train and Negligent Supervision.**

10

11         Again, without any citation to legal authority, Defendants argue that they do not have a

12  mandatory duty to train their employees.  In doing so, Defendants ignore well-established

13  precedent of California courts, including the California Supreme Court.

14         "A special relationship is formed between a school district and its students resulting in

15  the imposition of an affirmative duty on the school district to take all reasonable steps to protect

16  its students." (*M. W.*, *supra*, 110 Cal.App.4th at 517.)  "These affirmative duties arise from the

17  compulsory nature of school attendance, the expectation and reliance of parents and students on

18  schools for safe buildings and grounds, and the importance to society of the learning activity that

19  takes place in schools." (*Id.* at 524–525.)  The California Supreme Court has held that,

20  "[b]ecause of this special relationship, imposing obligations beyond what each person generally

21  owes others under Civil Code section 1714, the duty of care owed by school personnel includes

22  the duty to use reasonable measures to protect students from foreseeable injury at the hands of

23  third parties acting negligently or intentionally." (*C.A. v. William S. Hart Union High Sch. Dist.*

24  (2012) 53 Cal.4th 861, 869–70; see also, Cal. Const., art. I, § 28, subd. (c) [students have

25  inalienable right to attend safe, secure and peaceful campuses].)  That duty extends to ensuring

26  its employees appropriately responded to the risk of harm and did not cause further harm. (*Hoff*

27  *v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932–33 (a school district is vicariously

28  liable for negligence caused by employee's negligent supervision).)  The applicable standard of

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1   care "that school personnel owe students under their supervision [is] a protective duty of

2   ordinary care, for breach of which the school district may be held vicariously liable." (*C.A.*,

3   *supra*, 53 Cal.4th at 865; see also, *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741,

4   747 ("This uniform standard to which they are held is that degree of care which a person of

5   ordinary prudence, charged with (comparable) duties, would exercise under the same

6   circumstances." (internal quotation marks omitted).); *M. W.*, *supra*, 110 Cal.App.4th at 518;

7   *Leger v. Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1459.)

8          Among these numerous duties are duties of supervision and training of school employees.

9   (See also, *C.A.*, *supra*, 53 Cal.4th at 871-75 (a school district and its supervisory employees are

10  liable for negligent supervision, hiring, retention, and training of its employees).)

11         For these reasons, Plaintiff has appropriately pled a cause of action for Negligent

12  Supervision and Training and Plaintiff respectfully requests that the Court grant Plaintiff's

13  Motion to Amend her Complaint to add a cause of action for the same.

14         **D.     Plaintiff's Unruh Claims Against BUSD Are Proper.**

15         The Unruh Civil Rights Act guarantees that "[a]ll persons … are free and equal, and no

16  matter what their sex, … are entitled to the full and equal accommodations, advantages,

17  facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ.

18  Code, § 51.)

19         Although the California Supreme Court has not yet decided whether a public school

20  district is a "business establishment" within the meaning of the Unruh, it has affirmed that "[b]y

21  its use of the emphatic words 'all' and 'of every kind whatsoever,' the Legislature intended that

22  the phrase 'business establishments' be interpreted 'in the broadest sense reasonably possible.'"

23  (*Isbister v. Boys' Club of Santa Cruz, Inc.* (1985) 40 Cal.3d 72, 78, as modified on denial of

24  reh'g (Dec. 19, 1985) (citing *Burks v. Poppy Construction Co.* (1962) 57 Cal.2d 463, 468).)  The

25  Act applies to an organization that is "classically 'public' in its operation," namely one that

26  "opens its … doors to the entire youthful population" of a city, or a "broad segment of the

27  population," with "no attempt to select or restrict membership or access on the basis of personal,

28  cultural, or religious affinity, as private clubs might do."  (*Id.* at 81, 84.)  Federal courts, applying

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

California law, have consistently determined that public schools are "business establishments" within the meaning of the Act.  (See, e.g., *Sullivan By and Through Sullivan v. Vallejo City Unified School Dist.* (E.D. Cal. 1990) 731 F.Supp. 947, 952-53 ("Under a parity of the reasoning adopted in *Isbister*, it appears relatively certain that it is 'reasonably possible' that 'business establishments' as used in the statute includes public schools … [S]ince public schools were among those organizations listed in the original version of the Unruh Act, it must follow that for purposes of the Act they are business establishments as well."); *Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist.* (N.D. Cal. 1997) 964 F.Supp. 1369, 1388; *Whooley v. Tamalpais Union High School District* (N.D. Cal. 2019) 399 F.Supp.3d 986, 998; *Z. T. by and through Hunter v. Santa Rosa City Schools* (N.D. Cal., Oct. 5, 2017, No. C 17-01452 WHA) 2017 WL 4418864, at *6; *Yates v. East Side Union High School District* (N.D. Cal., Feb. 20, 2019, No. 18-CV-02966-JD) 2019 WL 721313, at *3 (also recognizing that "[a] broad array of district courts have reached the same result"); *K. T. v. Pittsburg Unified Sch. Dist.* (N.D. Cal. 2016) 219 F. Supp. 3d 970, 983; *Walsh v. Tehachapi Unified Sch. Dist.* (E.D. Cal. 2011) 827 F. Supp. 2d 1107, 1123; *Doe By and Through Doe v. Petaluma City Sch. Dist.* (N.D. Cal. 1993) 830 F. Supp. 1560, 1581–82; *Newman v. San Joaquin Delta Community College Dist.* (E.D. Cal. 2011) 814 F.Supp.2d 967, 982.)

  Cases cited by Defendants are incongruent with the California Supreme Court's analysis and conclusion in *Isbister*, and wholly inapplicable to public schools.  The Court in *Curran v. Mt. Diablo Counsel of Boy Scouts* (1998) 17 Cal.4th 670 emphasized that the Boy Scouts are a private, "charitable, expressive, and social organization, … whose formation and activities are unrelated to the promotion or advancement of the economic or business interests of its members." (*Id.* at 697.) Thus, the Court determined that the Boy Scouts were not a "business establishment" for purposes of the Act.  The court in *Doe v. California Lutheran High School Assn.* (2009) 170 Cal.App.4th 828 found that a private school is the same kind of organization, discussing, *inter alia*, its emphasis on the promotion of Lutheran values. (*Id.* at 838.) The *Doe* court also noted that the California Attorney General had issued an opinion in light of *Curran*, determining that a "private nonprofit religious school may deny admission to a student solely on

GWLLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1   the basis that the student religious beliefs are inconsistent with the religious beliefs of the

2   school." (81 Ops.Cal.Atty.Gen. 189, (1998).)  In his opinion, the Attorney General repeatedly

3   emphasized that a private school "is not part of the public school system." (*Id.*)

4         Again, BUSD engages in economic and business transactions.  For example, BUSD

5   operates approximately twenty (20) school campuses and sites, including grounds and facilities

6   open to the public for games, competitions, events, and general public use and amusement;

7   employs a substantial paid staff; operates stores, cafeterias, and vending machines; sells

8   merchandise and concessions; and maintains a Business Services Division, which oversees

9   contracts for goods, services, and construction projects.

10        Plaintiff Jane Doe's Unruh claims are therefore proper, as BUSD is a "business

11  establishment," within the meaning of Unruh, which denied her full and free access to BUSD

12  when it allowed a male student to sexually assault Jane Doe in a BUSD classroom, and allowed

13  the same male student to continue to victimize and sexually harass her at school.  This conduct

14  ultimately led Plaintiff to withdraw from BUSD and complete her education in an independent

15  study program.

16        All of these facts and the law demonstrate that Plaintiff has appropriately pled a cause of

17  action for Violation of the Unruh Civil Rights Act and Plaintiff respectfully requests that the

18  Court grant Plaintiff's Motion to Amend her Complaint to add a cause of action for the same.

19      **E.      Plaintiff's Claim for Violation of Government Code section 815.6 Against**
            **BUSD Is Proper.**
20

21        Again, Defendants argue that they do not have mandatory duties under Title IX or the

22  Education Code without any authority or analysis on that matter.  For the same reasons argued

23  above in Section B, Defendants' arguments are without merit and Plaintiff should be granted

24  leave to amend her Complaint.

25      **F.      Plaintiff's Government Code section 11135 Claims Against BUSD Are**
            **Proper.**
26

27        Defendants arguments regarding this cause of action are misplaced and confusing.

28  Defendant admits a private right of action exists.  However, Defendant argues Plaintiff has not

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1   exhausted her administrative remedies, despite the fact that this argument is entirely baseless.  As

2   Plaintiff pled in her complaint, she did exhaust her administrative remedies.  (See, FAC ¶¶ 3-4).

3          In a motion to amend the complaint, all allegations in the complaint must be accepted as

4   true.  (Code of Civil Proc., § 431.20(a).)

5          The sufficiency of plaintiff's pleading in state court suit must be determined without

6   reference to contents of affidavits presented by defendant in resisting motion for leave to amend

7   such pleading for purpose of showing court's lack of jurisdiction.   Hutchins v. Pacific Mut. Life

8   Ins. Co. of California, 1938, 97 F.2d 58.

9          Defendants next argue that Plaintiff lacks standing to make this claim.  Defendants are

10  incorrect in their reliance on *Prescott v. Rady Children's Hospital-San Diego* (S.D. Cal. 2017)

11  265 F.Supp.3d 1090.  The court applied federal court standing requirements, stating that "[a]

12  plaintiff seeking injunctive relief must allege 'continuing, present adverse effects' stemming

13  from the defendant's actions,' 'past exposure to illegal conduct does not in itself show a present

14  case or controversy.'" (*Id*. at 1100 (quoting *City of Los Angeles v. Lyons* (1983) 461 U.S. 95,

15  102.)  California's standing requirements are not the same as those for federal courts.

16          [S]tanding in federal courts is limited by article III of the United States Constitution.
17          "In assessing standing, California courts are not bound by the 'case or controversy'
            requirement of article III of the United States Constitution, ..." (*Bilafer v. Bilafer*
18          (2008) 161 Cal.App.4th 363, 370, 73 Cal.Rptr.3d 880.)  Second, a federal court's
            "interpretation of a federal statute's standing requirements does not determine the
19          scope of standing provided by a California statute." (*Midpeninsula Citizens for
            Fair Housing v. Westwood Investors* (1990) 221 Cal.App.3d 1377, 1385, 271
20          Cal.Rptr. 99.)

21  *Reycraft v. Lee* (2009) 177 Cal.App.4th 1211, 1217.

22          California's "[s]tanding requirements will vary from statute to statute based upon the

23  intent of the Legislature and the purpose for which the particular statute was enacted."

24  (*Midpeninsula*, *supra*, 221 Cal.App.3d at 1385.)  A plaintiff has standing when she has "a real

25  interest in the ultimate adjudication because [she] has … suffered … any injury of sufficient

26  magnitude reasonably to assure that all of the relevant facts and issues will be adequately

27  presented." (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993,

28  1001.)

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1    Plaintiff Jane Doe has clearly suffered an injury – namely, abuse, harassment, threats,

2  ostracization, and anxiety, as well as the drastic disruptions to her education while still a student

3  at BUSD and when she was forced to transfer, leaving her school and extracurricular activities.

4  (FAC ¶ 30.)  She continues to suffer the effects of the abuse and harassment, as well as the

5  disruption to her education.  (FAC ¶ 31.)  Through their actions and omissions, Defendants

6  continue to deny Jane Doe full and equal access to her education.  Nothing at BUSD changed

7  before Jane Doe was injured, and nothing at BUSD has changed since.

8    BUSD is a state-funded public entity that denied Jane Doe full and free access to BUSD

9  when it allowed a male student to sexually assault Jane Doe in a BUSD classroom, and allowed

10  the same male student to continue to victimize and sexually harass her school after.  Plaintiff

11  made a claim for injunctive relief and agrees to omit her claim for damages as to California

12  Government Code section 11135.  Plaintiff Jane Doe's claims for discrimination pursuant to

13  California Government Code section 11135 are therefore proper and Plaintiff respectfully

14  requests that the Court grant Plaintiff's Motion to Amend her Complaint to add a cause of action

15  for the violations same.

16  **III.    CONCLUSION**

17    For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order

18  granting leave to file the proposed First Amended Complaint for Damages and deem said

19  amended pleading filed as of the date and time of the granting of this motion, in accordance with

20  Code of Civil Procedure section 471.5(a).

21

22

23  DATE:  November 4, 2020                    GWILLIAM IVARY CHIOSSO CAVALLI & BREWER

24

25

26                                              Jayme L. Walker
27                                              Attorney for Plaintiff
                                                JANE DOE
28

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**PROOF OF SERVICE**
*Jane Doe v. Berkeley Unified School District, et al.*
<u>**Alameda County Superior Court Case No. RG20052743**</u>

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER, 1999 Harrison St., Suite 1600, Oakland, California 94612.

  On November 4, 2020, I served the following document(s) by the method indicated below:

**PLAINTIFF JANE DOE'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

☒ via **ELECTRONIC TRANSMISSION** – Pursuant to mutual consent of the parties, I transmitted a PDF version of the document(s) by electronic mail to the email address(es) of the party(s) identified on the service list indicated.

☐ via **U.S. MAIL** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

| | |
|---|---|
| Ross R. Nott<br>SPINELLI, DONALD & NOTT<br>601 University Avenue, Suite 225<br>Sacramento, CA 95825<br>Tel: (916) 448-7888<br>Fax: (916) 448-6888<br>Email: rossn@sdnlaw.com | Attorney for Defendants<br>BERKELEY UNIFIED SCHOOL DISTRICT, TONIA COLEMAN AND JASDEEP MALHI |

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 4, 2020, at Oakland, California.

         _____
         Linda Lim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

Gwilliam, Ivary, Chiosso, Cavalli &
Brewer
Attn:  Burns, Jayme L.
1999 Harrison Street
Suite 1600
Oakland, CA   94612____

Spinelli, Donald, & Nott
Attn:  Nott, Ross R.
601 Univeristy Avenue
Suite 225
Sacramento, CA   95825



## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Doe | No. RG20052743 |
| Plaintiff/Petitioner(s) | |
| | Order |
| VS. | |
| | Motion to Amend Complaint |
| | Granted |
| Berkeley Unified School District | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Motion to Amend Complaint was set for hearing on 11/12/2020 at 02:00 PM in Department 520 before the Honorable Julia Spain.  The Tentative Ruling was published and was contested.

Moving Party Jane Doe appeared by counsel Moody, Winston via Blue Jeans Video Conference.Opposing Party Berkeley Unified School District represented by Nott, Ross R. via Blue Jeans Video Conference.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  Plaintiff Jane Doe's ("Plaintiff") Motion for Leave to File First Amended Complaint is GRANTED.  Plaintiff's proposed First Amended Complaint is not deemed filed.  IT IS ORDERED THAT Plaintiff file and serve the proposed First Amended Complaint no later than seven (7) days from the date of this Order.

STANDARD OF LAW

"The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading[.]"  (CCP § 473(a)(1).)  "[T]rial courts are to liberally permit such amendments, at any stage of the proceeding[.]"  (Hirsa v. Superior Court (1981) 118 Cal. App. 3d 486, 488-89.)  A court's discretion is usually exercised liberally to permit amendment of the pleadings, and it is a rare case in which denial of leave to amend can be justified.  (See, e.g., Howard v. County of San Diego (2010) 184 Cal.App.4th 1422, 1428.)  "[I]t is an abuse of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment."  (Atkinson v. Elk Corp. (2003) 109 Cal. App. 4th 739, 761.)  "[I]t is irrelevant that new legal theories are introduced as long as the proposed amendments 'relate to the same general set of facts.'"  (Id.)  "[T]he test is whether the two pleadings relate to the same general set of facts."  (Hirsa, 118 Cal. App. 3d at 489.)  "[A] proposed amendment, by seeking recovery for the same accident and injuries as the original complaint, complies with that test."  (Id.)

"Leave to amend may be denied if there is prejudice to the opposing party, such as delay in trial, loss of critical evidence, or added costs of preparation."  (Kolani v. Gluska (1998) 64 Cal. App. 4th 402, 412.)

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff seeks to amend her complaint to add Brent Stephens, Berkeley Unified School District's ("BUSD") Superintendent, as a named defendant, add factual information, make certain revisions to the allegations, and add cause of action for negligent supervision and/or training, violation of California Civil Code section 51, et seq., discrimination in violation of California Education Code section 220, et seq., discrimination in violation of California Government Code section 815.6, and violation of California Government Code section 11135.

Plaintiff brought this action on January 31, 2020 against Defendants BUSD, Tonia Coleman and Jasdeep Malhi, asserting claims related to on a sexual assault against her that took place in a classroom at her school. Plaintiff claims that since filing this action, her assailant continued to harass her and violate the "no contact" order in place by Defendants, with no action taken by Defendants, thereby forcing her withdraw from school. (Declaration of Jayme L. Walker ["Walker Dec."] ¶ 2, Ex. 1.) Plaintiff argues that no prejudice would result from these amendments for conduct that occurred after the filing of the original complaint. Plaintiff states that she filed a Government Tort Claim Form with BUSD on April 8, 2020, noting her intent to file this amended complaint. (Walker Dec. ¶ 3, Ex. 2.) Trial in this matter is not set to commence until January 14, 2022. Only limited discovery has been conducted, and no depositions have been taken.

In opposition, the only prejudice asserted by Defendants is the burden of having to make a motion to strike or demurrer. However, as its opposition is an attempt to make the arguments that would be made in a motion to strike or demurrer, the Court finds no prejudice in granting leave to amend. Further, the Court finds the arguments made in opposition as to the adequacy of the pleadings and the relevance of the amended allegations are premature. "[T]he preferable practice would be to permit the amendment and allow the parties to test its legal sufficiency by demurrer, motion for judgment on the pleadings or other appropriate proceedings." (Kittredge Sports Co. v. Superior Court (1989) 213 Cal. App. 3d 1045, 1048.) In light of the liberal policy permitting amendment and the lack of prejudice demonstrated by Defendants, the Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint.

Dated:  11/12/2020

_Julie Spain_ facsimile
Judge Julia Spain

Superior Court of California, County of Alameda
Hayward Hall of Justice

Case Number:  RG20052743
Order After Hearing Re: of 11/12/2020

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
24405 Amador Street, Hayward, California.

Executed on 11/13/2020.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

SPINELLI, DONALD &
NOTT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jayme L. Walker, Esq. (SBN. 273159)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
1999 Harrison St., Suite 1600,
Oakland, CA 94612
Phone: (510) 832-5411
Fax: (510) 832-1918
Email: jwalker@giccb.com

Attorney for Plaintiff
JANE DOE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

JANE DOE,

         Plaintiff,

vs.

BERKELEY UNIFIED SCHOOL
DISTRICT; TONIA COLEMAN; JASDEEP
MALHI; BRENT STEPHENS; and Does 1-
50,

         Defendants.

Case No.:  RG20052743

[ASSIGNED FOR ALL PURPOSES TO
JUDGE JULIA SPAIN, DEPT. 520]

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLATORY
RELIEF**

**JURY TRIAL DEMANDED**

Complaint Filed:  January 31, 2020
Trial Date:  January 14, 2022

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

Jane Doe complains and alleges as follows:

**I.      JURISDICTION AND VENUE**

1.      The Court has personal jurisdiction over the defendants because they are residents of and/or public entities in the State of California.

2.      Pursuant to Code of Civil Procedure section 395(a), venue in the County of Alameda is proper because that is the "county where the defendants or some of them reside at the commencement of the action."

3.      Pursuant to California Government Code section 905(m), Plaintiff Jane Doe was not required to exhaust administrative remedies because her claims are brought under California Code of Civil Procedure section 340.1 for the recovery of damages suffered as a result of childhood sexual abuse.  Nonetheless, Plaintiff filed a Government Tort Claim Form with the District on April 8, 2020, alerting the district to her intent to file this amended complaint and the scope and facts of the damages they caused her.

4.      Exhaustion of claims pursuant to California Education Code section 220, *et seq*. is not required or is otherwise excused by Defendant BUSD's failure to appropriately and timely apprise Plaintiff of her rights to file a complaint with the district.  (Cal. Educ. Code § 262.3.) Exhaustion of claims pursuant to California Government Code section 11135 is not required.  (Cal. Gov. Code § 11139.)

**II.      PARTIES**

5.      Plaintiff Jane Doe ("Plaintiff") was a student at Berkeley High School in the Berkeley Unified School District in Berkeley, California.  She sues under a pseudonym due to the nature of the assault and the fact that she was a minor when it occurred.  Defendants, and each of them, are aware of the true first name and last name of Plaintiff.

6.      Defendant Berkeley Unified School District (hereinafter "BUSD" or "the District) was a public entity duly organized and existing under and by virtue of the laws of the State of California at all times material to this complaint.  Defendant BUSD administers, operates, and controls the site of the assault, Berkeley High School, in the County of Alameda, State of California.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

7.      BUSD, in general, and Berkeley High School, in particular, directly and/or indirectly receive state and federal funding.  Plaintiff is informed and believes that BUSD is obligated to abide by the state education code and the state civil code.

8.      Upon information and belief, Defendant Tonia Coleman was an employee of Defendant BUSD and assistant principal of Berkeley High School in the County of Alameda, State of California and was acting in the course and scope of her employment at all times material to this complaint.

9.      Upon information and belief, Defendant Jasdeep Malhi was an employee of Defendant BUSD and a counselor at Berkeley High School in the County of Alameda, State of California and was acting in the course and scope of her employment at all times material to this complaint.

10.      Upon information and belief, Defendant Brent Stephens was an employee of Defendant BUSD and the superintendent of BUSD in the County of Alameda, State of California and was acting in the course and scope of his employment at all times material to this complaint.

11.      Plaintiff is ignorant of the true names, capacities, status, or facts showing defendants sued herein as Does 1-50, inclusive, to be liable, and therefore sues these defendants by such fictitious names and capacities pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for the occurrences, actions, and inactions herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.  Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.

12.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all times relevant here the agent, servant, employee, and/or representative of the other Defendants, and was acting, at least in part, within the course and scope of such relationship and that each and every Defendant herein is jointly and severally responsible and liable to Plaintiff for the damages herein alleged.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

III.   **FACTUAL SUMMARY**

13.   Jane Doe was a student at Berkeley High School (hereinafter "BHS") when she was sexually assaulted by another student during school hours in an unlocked classroom.

14.   On May 3, 2019, a male student pulled Jane Doe into a classroom that is normally locked.  The male student forced his hands up Jane's Doe's dress and groped her buttocks and vagina.  Jane Doe tried to push him away, but he was too strong.  He then picked her up, threw her onto a desk, spread her legs and forced himself on her, while groping her breasts, buttocks and vagina.  Jane Doe repeatedly said no and asked him to stop, until she was able to push him away and flee the classroom.

15.   On or around May 8, 2019, Jane Doe reported the assault to Defendant Jasdeep Malhi, a counselor at Berkeley High School.  Defendant Malhi told Jane Doe that her assailant had assaulted six (6) to ten (10) other girls at BHS.  Defendant Malhi was a mandatory reporter, yet she did not report the assault to Child Protective Services or the police.  Plaintiff does not know at this time if Defendant Malhi reported the assault to the BUSD Title IX Coordinator or other District-level officials.

16.   The following day, Defendant Malhi informed Defendant Tonia Coleman, assistant principal, of the sexual assault on Jane Doe.  Defendant Coleman failed to promptly notify Jane Doe's parents that she was a victim of assault and failed to implement any kind of safety plan to ensure that Jane Doe felt safe at school and was able to learn in an environment free of sexual harassment.  Plaintiff does not know at this time if Defendant Coleman reported the assault to the BUSD Title IX Coordinator or other District-level officials.

17.   Defendant Malhi and Defendant Coleman were aware that the male student that assaulted Jane Doe had assaulted numerous other students at the school, yet nothing was done to adequately supervise this student and ensure that he was not a danger to Jane Doe and others.

18.   Defendant Coleman involved the School Resource Officer, Berkeley Police Department employee, Officer Geoffrey Mitchell, in the investigation of the assault on Jane Doe.  Officer Mitchell discouraged Jane Doe and her family from pursuing criminal charges against Jane Doe's assailant.  While Doe believes that BUSD had a Title IX Coordinator and

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

Title IX Office at the time of her report, BUSD failed to adequately train or supervise its staff as to their state and federal obligations regarding sex discrimination and BUSD's Title IX office and BHS administration were either unwilling or unable to effectively investigate, intervene, and protect Jane Doe in particular and the BHS student population in general from Doe's assailant under the direction and leadership of the BUSD board and administration.

19.     Defendants failed to take steps to adequately ensure the safety of Jane Doe following the sexual assault, and the student that assaulted her was allowed to further victimize and sexually harass her at school.  The student spread rumors that Jane Doe appeared in a pornographic video with him, taunted her as she tried to attend her classes, and taunted her when he saw her outside of school.

20.     After the assailant further victimized Jane Doe, and because the school was not effectively intervening in his behavior or protecting her, Doe's parents demanded a meeting with BHS.  The meeting occurred on September 9, 2019.  It was not until after this meeting that a safety plan was implemented for Jane Doe.  The safety plan was ineffective and, following its implementation, Doe's assailant and harasser continually violated it and harassed Jane Doe at school.  She was forced to encounter him frequently and at constant expense to her equitable access to an education at BHS.  The safety plan included a no contact order, purportedly to protect Doe, but the school and the District failed to ever enforce that provision of the safety plan.  Additionally, BHS and Defendant BUSD failed to provide Doe with adequate educational accommodations, properly investigate the harm and interruption to her access to education that she was suffering on the basis of her sex, or provide requisite, appropriate, or competent adult interventions concerning the harmer-student's serial sexual misconduct against his peers.

21.     On or around February 6, 2020, the male student-harmer spread more sexually harassing rumors about Jane Doe and taunted her.  His friends joined him in taunting Doe, creating a harrowing and hostile school environment for her.

22.     On or around February 20, 2020, the male student violated the no contact order again by posting on social media in reference to Jane Doe.

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

23.     These violations were reported to the Title IX Coordinator.  Each time, BUSD's responses, if any, were inadequate to protect Jane Doe from sexual harassment on campus and impeded her right to learn in a harassment free environment.

24.     Plaintiff Jane Doe is informed and believes that Defendant Superintendent Brent Stephens, his predecessor(s), and the BUSD school board were aware of on-going student body, parent, and community complaints about BUSD's failures to comply with gender equity civil rights laws under Title IX and related California Code and that such public outcry had occurred in administrative meetings, school board meetings, and exchange with parents, community members, and students since at least 2014, approximately five (5) years before Plaintiff Jane Doe was assaulted in a classroom.

25.     Plaintiff Jane Doe is informed and believes that the District, under the leadership of Brent Stephens, affirmatively and continuously chose a policy and practice of deliberate indifference as to these legal duties by underfunding its Title IX Coordinator and Title IX program, inadequately and negligently supervising or training its employees as to their duties under Title IX and related state law, and discouraged and disabled employees who wished to help students maintain their access to education after incidents of sexual harassment or assault to do so.

26.     Defendants were also aware that the classroom in which Plaintiff was assaulted was unsupervised, secluded, and was used by students to engage in illicit activities, including sexual behavior, yet Defendants failed to take steps to secure the classroom or adequately supervise students in the vicinity of the classroom.

27.     Plaintiff Jane Doe is informed and believes that, prior to her assault on campus at the hands of a fellow student, BHS administered a school safety and climate survey after public pressure in school board meetings to do so, and that this survey may contain questions related to specific "hot spots" on campus in which students were harassed, assaulted, or felt unsafe.  Plaintiff Jane Doe believes that the classroom where she was assaulted was one of the identified "hot spots".

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

28.     Plaintiff Jane Doe is informed and believes that, in spite of this survey, the District and BHS officials did not release survey results to the concerned public, enrolled students, parents, or even the Title IX Coordinator and key school employees, and therefore negligently allowed the continued threat of such dangers to exist on campus resulting in harm to Jane Doe.

29.     Defendants failed to conduct an investigation into the assault and subsequent sexual harassment of Jane Doe, failed to provide a finding of responsibility, and failed to address the harm that befell Jane Doe on campus or the negative effects of that harm on her access to a public education.  Jane Doe is informed and believes that Defendants may intentionally neglect such mandated legal obligations to their students by impermissibly and arbitrarily requiring that reports from a student of sexual assault or harassment meet technical requirements that Defendants do not properly inform or assist students in ascertaining.

30.     Due to the fact that the male student was allowed to continually harass Plaintiff Jane Doe, she felt significant anxiety when running into her assailant, had trouble focusing, and did not feel safe when she was at school.  Therefore, she was forced to seek a transfer to an independent study program.  The school and BUSD did nothing to facilitate the transfer or accommodate Jane Doe to prevent this drastic disruption to her education in general and constructive loss of access to an education at BUSD specifically.

31.     Jane Doe's access to a public education free from sexual harassment was denied.  She has suffered, and continues to suffer, from severe emotional distress as a result of the sexual assault.  She has crying spells, episodes of depression, and anxiety related to the assault and its aftermath that ultimately caused her to withdraw from school, including withdrawing from the track team, the Link Crew, and her dance activities.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Plaintiff against all Defendants)**

32.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

///

33.     At all times mentioned herein, Defendant BUSD operated, managed, supervised, oversaw, and/or otherwise controlled Berkeley High School, including the hiring, training supervision, and retention of employees who were responsible for the supervision and safety of students in their custody.

34.     Defendants had a duty to exercise due care in their treatment of Plaintiff.

35.     Pursuant to California Government Code section 815.2, Defendant BUSD is liable for injuries proximately caused by the acts and omissions of its employees, including, but not limited to, Defendants Malhi, Coleman, and, Stephens, where the acts or omissions are within the scope of employment and give rise to a cause of action against the employees.

36.     At all times mentioned herein, Defendants Malhi, Coleman, and Stephens acted within the course and scope of their employment with Defendant BUSD.

37.     Defendants Malhi, Coleman, and Stephens had a duty to provide for the safety and supervision of students, including Jane Doe, while in their custody.

38.     Defendants Malhi, Coleman, and Stephens failed to exercise reasonable diligence to provide for the safety of Plaintiff while she was in their custody.

39.     Defendanta Malhi, Coleman, and Stephens knew or should have known that the student that assaulted Plaintiff had sexually assaulted numerous other girls, yet they failed to take steps to ensure the safety of female students, including Jane Doe.

40.     Defendant BUSD, through its employees, had an affirmative duty to take all reasonable steps to protect students, including Plaintiff Jane Doe, from harassment, assault, and discrimination on school grounds.

41.     Through innumerable sources, such as years of student outcry and public comment at BUSD Board Meetings about the unsafe environment for girls at Berkeley High School, and the school's and the District's refusal to adequately fund its Title IX office or support its employees in competently and effectively executing their legal duties to protect students against, and redress, incidents of discrimination on the basis of sex, including but not limited to, a climate survey in which students told the school about the assault and harassment dangers they faced on campus at Berkeley High School specifically, the risk of harm to Plaintiff

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

1  was sufficiently high and foreseeable, and the burden on Defendants to protect against such

2  harm sufficiently low, so as to impose upon the Defendants a duty to protect Plaintiff as part of

3  the course and scope of their employment.

4        42.    Defendants negligently failed to guard, maintain, inspect and supervise, and

5  manage the school premises by failing to supervise the building where Plaintiff Jane Doe was

6  sexually assaulted, and failing to lock the classroom they knew or should have known was used by

7  students to engage in dangerous activities.

8        43.    The negligence of Defendants Malhi, Coleman, and Stephens was a direct and

9  proximate cause of the damages suffered by Plaintiff due to being sexually assaulted and

10  harassed by another student.  As a direct and proximate result of the negligence of Defendants,

11  Plaintiff has sustained, and continues to sustain, physical injuries, pain and suffering, extreme

12  and severe mental anguish, and emotional distress.  Plaintiff has also incurred, and will continue

13  to incur, medical expenses for treatment and for incidental medical expenses.  Plaintiff is

14  thereby entitled to general and compensatory damages in amounts to be proven at trial.

15        44.    The acts, omissions, and negligence of Defendants Malhi, Coleman, and

16  Stephens were substantial factors in causing Plaintiff's injuries and the resulting harm to Plaintiff,

17  and the direct and proximate cause of the injuries and damages sustained by Plaintiff.

18        45.    Further, BUSD had a statutory duty under the California Education Code,

19  including, but not limited to Code sections 201, 220, 221.6, 221.8, 230, 231.5, and 234.1 to: (1)

20  minimize and eliminate a hostile environment on school grounds that impairs the access of students

21  to equal educational opportunity, including a duty to take remedial measures to stop the

22  harassment; (2) teach students about their rights; (3) adopt an effective process for receiving and

23  investigating complaints of discrimination, harassment, assault, and intimidation, including a duty

24  to take immediate steps to intervene, a duty to provide information about the manner in which to

25  file a complaint, a duty to investigate and resolve complaints, a duty to provide updates about the

26  complaint, and a duty to ensure all complainants are protected from retaliation; (5) appropriately

27  train staff on how to respond to and address reports of sexual harassment on campus, and to avoid

28  creating hostile environments within schools of the District.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

46.     At all times relevant hereto, defendants Does 1 through 50, inclusive, and each of them, were somehow responsible for the injuries and damages sustained by Plaintiff, as alleged herein.  Plaintiff is informed and believes, and thereon alleges, that each of said defendants, is negligently or otherwise responsible in some manner for the events and happenings herein referred to and those defendants negligently acted or failed to act.  Their negligence and/or failure to act legally caused the injuries and damages hereinafter set forth.

47.     As a result of Defendants' actions and omissions, Plaintiff has suffered, and continues to suffer, injuries and damages hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Negligent Supervision and/or Training**
**(Plaintiff against BUSD, Vice-Principal Coleman, and Superintendent Stephens)**

48.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

49.     Defendant BUSD, through its officers, including, but not limited to, Defendants Vice-Principal Coleman and Superintendent Stephens, had a duty to train its agents, teachers, counselors, and administrative staff to monitor harassment, respond appropriately to reports of harassment and/or assault, and intervene to halt the ongoing effects of such discrimination.  In addition, it had a duty to have, and effectively equip, gender equity coordinators to execute the mandates of their jobs in accordance to their role as a responsible employee under Title IX, state education law, and other gender equity-related laws, requirements, and procedures.

50.     Defendants BUSD, Coleman, and Stephens knew or should have known that their agents and staff were unfit to perform the work which they were required to do and/or not supported or funded to meet the purposes and duties of their positions at the District and obligations under the law in that they acted in the manner set forth above, and failed to train, fund, or support them appropriately.

51.     As provided above, BUSD is vicariously liable for the negligence of Defendants Coleman and Stephens pursuant to California Government Code section 815.2.

52.     As a result of Defendants' actions and omissions, Plaintiff has suffered, and continues to suffer, injuries and damages hereinafter set forth.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**THIRD CAUSE OF ACTION**
**Violation of California Civil Code section 51, *et seq*.**
**(Plaintiff against BUSD)**

53.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

54.     California Civil Code section 51, the Unruh Civil Rights Act, guarantees full and equal access to accommodations, advantages, facilities, privileges, and services of all business establishments of any kind.

55.     Defendant BUSD was a business establishment within the meaning of Civil Code section 51 at all relevant times.  Plaintiff Doe is informed and believes that the District employs a substantial paid staff and cares for an extensive physical plant used for public purposes, including approximately twenty (20) school sites/campuses.  Plaintiff is informed and believes that Defendants operate numerous cafeterias, student stores, and vending machines where food and beverages can be purchased by District employees, students, and visitors.  Plaintiff is informed and believes that the District maintains numerous facilities and grounds where it presents sporting events, games, and competitions, which are open to the public for public accommodation and amusement, and during such events, merchandise and concessions are sold in addition to admission fees.  Plaintiff is informed and believes that Defendants operate a Civic Permits Office that sells use permits for renting Defendants' auditoriums, multi-purpose rooms, cafeterias, gymnasiums, swimming pools, playing fields, stadiums, theaters, and classrooms.  Plaintiff is informed and believes that Defendants maintain a Business Services Division which oversees, *inter alia*, contracts for goods, services, and construction projects, pays the District's invoices and employee reimbursements, collects and deposits cash receipts, maintains likely tens of thousands of accounts within the District's 150+ million dollar general fund and thirteen (13) other District Funds, which comprise additional lines of revenues and expenditures, such as for facilities, early childhood education, nutritional services, other capital items, and a special reserve, etc.

///

///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

56.     Defendants' actions, as set forth above, denied, incited, or aided and abetted denial of full and equal access to accommodations, advantages, facilities, privileges, and services to Plaintiff.

57.     A substantial motivating reason for the denial was Plaintiff's gender.

58.     As a result of Defendants' actions and omissions, Plaintiff has suffered, and continues to suffer, injuries and damages hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**Discrimination in Violation of California Education Code section 220, *et seq.***
**(Plaintiff against BUSD)**

59.     Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

60.     It is the declared policy of the State of California that all persons in public schools enjoy equal rights and opportunities in the educational institutions of the state, regardless of their sex.

61.     The Education Code of the State of California prohibits sex-based discrimination and/or harassment in any program or activity conducted by an educational institution that receives or benefits from state financial assistance.

62.     Defendants had the primary responsibility for ensuring that the school district's programs and activities are free from discrimination and harassment, and were negligent and deliberately indifferent in their response to the assault and harassment Plaintiff suffered on school property.

63.     Defendant BUSD violated its duties under the statute by the actions and inactions set forth above.

64.     As a result of Defendants' actions and omissions, Plaintiff has suffered, and continues to suffer, injuries and damages hereinafter set forth.

///
///
///
///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**FIFTH CAUSE OF ACTION**
**Violation of Government Code section 815.6 – Failure to Discharge a Mandatory Duty**
**(Plaintiff against BUSD)**

65.    Plaintiff realleges and incorporates by reference the foregoing, as though fully set forth herein.

66.    Defendants had a special relationship to their students, including Plaintiff Jane Doe, who entrusted them to perform their duties.  Defendants had mandatory duties that, had they been carried out, would have protected Plaintiff from the harm she suffered at the school.

67.    These mandatory duties included, but were not limited to, those imposed under:

> i.    Title IX of the Education Amendments Act of 1972 (20 U.S.C. § 1681, *et seq.*) and accompanying regulations in place at the time of Plaintiff's assault (34 C.F.R. §§ 100.4, 100.6, 100.7, 106.3, 106.4, 106.8, 106.9, 106.31);

> ii.    California Education Code sections 220, 221.6, 221.61, 221.8, 230, 231.5, 234, 234.1, 262.3, 44113(a), *et seq.*, and accompanying regulations.

68.    Defendant BUSD and its agents failed to carry out these and other mandatory duties which were designed to thwart the kind of damages suffered by the Plaintiff.

69.    As a result of the above actions and omissions, Plaintiff has suffered, and continues to suffer, injuries and damages hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**Violation of Government Code section 11135**
**(Plaintiff against BUSD)**

70.    Plaintiff realleges and hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

71.    California Government Code section 11135 states, in relevant part, that "[n]o person in the State of California shall, on the basis of sex … be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

72.     Defendant violated their duties under the statute by the actions set forth above.

73.     As a result of Defendants' ongoing actions and omissions, Plaintiff has suffered, and continues to suffer, ongoing injuries and harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

A.      For injunctive relief and all orders necessary to ensure that the defendants establish and enforce policies and procedures protecting their students from sexual harassment and abuse;

B.      For declaratory judgment that Defendants' treatment of Jane Doe violated the California Education Code and other applicable statutes;

C.      For compensatory damages, including medical bills, and other special and general damages according to proof but in excess of the jurisdictional threshold of this Court;

D.      For mental and emotional distress damages;

E.      For an award of interest, including prejudgment interest, at the legal rate;

F.      For reasonable attorneys' fees pursuant to California Civil Code section 52, and California Code of Civil Procedure section 1021.5, and all other applicable statutes;

G.      For costs of suit incurred herein; and,

///
///
///
///
///
///
///
///
///
///
///

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

FAC FOR DAMAGES AND DECLARATORY RELIEF, DEMAND FOR JURY TRIAL                14                CASE NO. RG20052743

H.       For such other and further relief as the Court deems just and proper.

DATE:  November 17, 2020                         GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

                                                 _____
                                                 Jayme L. Walker
                                                 Attorney for Plaintiff
                                                 JANE DOE

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

DATE:  November 17, 2020                         GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

                                                 _____
                                                 Jayme L. Walker
                                                 Attorney for Plaintiff
                                                 JANE DOE

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

FAC FOR DAMAGES AND DECLARATORY          15               CASE NO.  RG20052743
RELIEF, DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**
*Jane Doe v. Berkeley Unified School District, et al.*
<u>**Alameda County Superior Court Case No. RG20052743**</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER, 1999 Harrison St., Suite 1600, Oakland, California 94612.

On November 17, 2020, I served the following document(s) by the method indicated below:

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

☒ via **ELECTRONIC TRANSMISSION** – Pursuant to mutual consent of the parties, I transmitted a PDF version of the document(s) by electronic mail to the email address(es) of the party(s) identified on the service list indicated.

☐ via **U.S. MAIL** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

| | |
|---|---|
| Ross R. Nott | Attorney for Defendants |
| SPINELLI, DONALD & NOTT | BERKELEY UNIFIED SCHOOL DISTRICT, TONIA |
| 601 University Avenue, Suite 225 | COLEMAN, JASDEEP MALHI, AND BRENT |
| Sacramento, CA 95825 | STEPHENS |
| Tel: (916) 448-7888 | |
| Fax: (916) 448-6888 | |
| Email: rossn@sdnlaw.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 17, 2020, at Oakland, California.

Brittany Smith

16
Proof of Service

1

### PROOF OF SERVICE

2

COURT:                 United States District Court, Northern District of CA
CASE NO.:
3
CASE NAME:         *Jane Doe v. Berkeley Unified School District, et al.*

4
     I am a citizen of the United States, employed in the County of Sacramento, State of
California.  My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825.  I
5
am over the age of 18 and not a party to the above-entitled action.

6
     I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing
of correspondence for mailing with the United States Postal Service.  Pursuant to said practice, each
7
document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon
and the sealed envelope is placed in the office mail receptacle.  Each day's mail is collected and
8
deposited in a U.S. mailbox at or before the close of each day's business.  (Code Civ. Proc., §
1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)
9
     On December 14, 2020, I caused the within: **Civil Cover Sheet/Defendants' Notice of
Removal of Action Under 28 U.S.C. section 1441(a) (Federal Question_**
10
to be served via
☐   MAIL--
11
    Placed in the United States Mail at Sacramento, California in an envelope with postage
    thereon fully prepaid addressed as follows:

12

| | |
|---|---|
| Jayme L. Walker, Esq.<br>Gwilliam, Ivary, Chiosso, Cavalli & Brewer<br>1999 Harrison Street, Suite 1600<br>Oakland, CA  94612<br>Telephone: (510) 832-5411<br>Facsimile:  (510) 832-1918<br>jwalker@giccb.com | *Attorneys for Plaintiff* |

13

14

15

16
☒   BY ELECTRONIC SERVICE--
17
    I caused such document to be electronically served by filing said document electronically in
    accordance with rules of electronically filing documents. See Local Rule 5-135(a); Fed. R.
18
    Civ. P. 5(b)(2)(D).

19

20
☐   PERSONAL SERVICE--
    By causing delivery by hand to the addressee addressed as follows:

21

22
☐   FEDERAL EXPRESS--
    By causing delivery by Federal Express of the document(s) listed above to the person(s) at
23
    the address(es) set forth below:

24
     I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.  Executed on December 14, 2020, at Sacramento, California.
25
             *Shelley L. Grajeda*
             Shelley L. Grajeda

26

27

28

SPINELLI, DONALD &
NOTT

1