UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

v.

BERKELEY UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. C 20–08842 WHA

**ORDER TO PRODUCE STUDENT RECORDS**

In this negligence action against Berkeley Unified School District for the sexual assault of a high school student by one of her peers, plaintiff seeks access to school records of the alleged repeat perpetrator. BUSD cannot disclose student records absent parental consent, a court order, or lawfully issued subpoena. Cal. Educ. Code §§ 49076, 49077(a); 34 C.F.R. § 99.31. Both state and federal law require that the parent be notified of the disclosure (except, under federal law, where the parent is a party to a court proceeding involving child abuse and neglect).

BUSD sought consent from the alleged perpetrator's parent to no avail. Having been given notice of the discovery hearing and an opportunity to object to the disclosure of the alleged perpetrator's records, no parent or guardian has come forward and no objection to disclosure has been received — including by parents of students implicated in the requested records (for instance students other than the plaintiff who were alleged to have been sexually harassed or assaulted by the same perpetrator).

Courts have recognized that there is a "significantly heavier burden" for the release of student records compared to discovery of other types of records, such as business records. *Craig v. Yale Univ. Sch. of Med.*, 2012 WL 1579484, *2 (D. Conn. May 4, 2012). Plaintiff has, however, "demonstrate[d] a genuine need for the information that outweighs the privacy interests of the student" referenced in the records. *Jun Yu v. Idaho State Univ.*, No. 4:15-CV-00430-REB, 2017 WL 1158813, at *2, *citing Rios v. Read,* 73 F.R.D. 589, 598 (E.D.N.Y. 1977); see also *Meyers v. Cincinnati Bd. of Educ.*, No. 1:17-CV-521, 2020 WL 6872920, at *2 (S.D. Ohio Nov. 23, 2020).

Further, there is a compelling public interest in disclosure based on the need to ensure that public schools are free from sexual harassment and assault. Cal. Educ. Code §§ 234 *et. seq.* Disclosure is warranted here based on plaintiff's significantly weighty need for the records in order to prove her allegations that the school was on notice as to repeat incidents involving the same student who assaulted her and that the school did not respond adequately. The identity of the alleged perpetrator and any other students referenced in the records can be protected by sealing or redaction, substantially reducing if not eliminating the privacy interest in those records.

Having received no objection from any parent after an opportunity to be heard, the request to produce the student records is hereby **GRANTED**. BUSD shall produce student records of the alleged perpetrator that are in its possession. These records shall be subject to a protective order to preserve the confidentiality of the records and shall not be disclosed outside the litigation of this matter. If attached to any motion, the records shall be filed under seal with redactions to protect the identities of any students contained therein.

**IT IS SO ORDERED.**

Dated: May 10, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE